PER CURIAM:
Plaintiff brought this suit alleging jurisdiction under 40 U.S.C. §§ 270a and 270b, the “Miller Act.” The district court referred the case to the court annexed arbitration program. An arbitration hearing was held July 30, 1985, and the arbitration award was filed on that date. A copy of the award was served upon the parties by mail.
Civil judgment was entered August 20, 1985, upon the arbitration award. Rules 8.05(b) and 8.06(a) of the Local Rules, M.D. Florida, provide that after the filing of an arbitration award any party may file for a trial de novo in the district court. If no demand is filed with the clerk within 20 *1553 days, judgment is entered on the arbitrator’s award.[1]
On August 22, 1985 defendants filed a demand for a trial de novo. On August 30, 1985 the district court struck the demand as it was untimely. Over three months later, on December 13, 1985, defendants filed a motion to vacate and for trial de novo pursuant to Fed.R.Civ.P. 60(b). The district court denied the motion and this appeal followed. Defendants contend that their demand was timely. They also argue, in the alternative, that if the demand was untimely, delay caused by mailing constitutes mistake, inadvertence, or excusable neglect which justifies relief from the judgment pursuant to Fed.R.Civ.P. 60(b).
I. The timeliness issue
Defendants filed their demand for a trial de novo 22 days after the arbitration award was filed. The demand was two days late. Defendants contend, however, that the Local Rules require that a demand be made within 20 days but do not specify when the demand must be filed, and they argue that the mailing of the notice to opposing counsel marks the time that the demand is made.
Assuming that defendants are correct, they have not stated when they mailed the demand, nor did they inform the court below. The demand filed in the district court certifies that “a copy of the foregoing has been furnished to [opposing counsel] by U.S. Mail this 22d day of August, 1985.” The district court correctly found that the demand was not filed within the 20 days required by the rule.
II. Rule 60(b)
Fed.R.Civ.P. 60(b) permits the court to grant a party relief from a judgment if the judgment was entered due to mistake, inadvertence, or excusable neglect. Defendants allege that their untimely demand was caused by “misplaced reliance on mail time.” However, defendants do not state when they mailed the demand, and it is therefore impossible to determine whether they actually relied on mail time.
The 60(b) motion was filed December 13, 1985, more than two months after the deadline for appealing the judgment entered August 22, 1985 pursuant to Fed. R.App.P. 4. A Rule 60(b) motion is not a substitute for a timely appeal. Parks v. US. Life & Credit Corp., 677 F.2d 838 (11th Cir.1982). Motions under Rule 60(b) are directed to the sound discretion of the district court. See Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir.1984). The district court did not abuse its discretion in denying the motion.
AFFIRMED.

. Local Rule 805(b) provides:
At the end of twenty (20) days after the filing of the arbitrator’s award the Clerk shall enter judgment on the award if (1) the parties have previously stipulated in writing that the award shall be final and binding: or (2) no timely demand for a trial de novo has been made pursuant to rule 8.06.
Rule 8.06(a) provides:
Within twenty (20) days after the filing of the arbitration award with the Clerk, any party may demand a trial de novo in the District Court. Written notification of such a demand shall be filed with the Clerk and a copy shall be served by the moving party upon all other parties.