**SECURITY NATIONAL BANK OF ENID, OKLAHOMA, Plaintiff–Appellant,**

v.

**JOHN DEERE COMPANY, a corporation, Defendant–Appellee.**

No. 89–6197.

United States Court of Appeals, Tenth Circuit.

March 6, 1991.

Kenneth I. Jones, Jr., Lyle R. Nelson of Jones, Blaney & Williams, Oklahoma City, Okl., for plaintiff-appellant.

O. Clifton Gooding, James L. Menzer of Gooding & Menzer, Oklahoma City, Okl., for defendant-appellee.

Before ANDERSON, TACHA, and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Plaintiff appeals[1] from a district court order denying its motion to vacate an adverse judgment entered on an arbitration award in accordance with the district's court-annexed arbitration scheme first established by local rule, see W.D.Okla. R. 43 (1985), and later continued under the authority of specific congressional enactment, see 28 U.S.C. §§ 651–58. The court clerk entered judgment under the then-prevailing version of Local Rule 43, subsequently amended as discussed *infra*, after plaintiff failed to file a written demand for a trial de novo within the allotted twenty days.

The district court denied plaintiff's Fed.R.Civ.P. 60(b) motion[2] for two, alternative

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. We note that not all of the issues raised in connection with plaintiff's motion may be appropriate for consideration under Rule 60(b). However, to the extent any of these issues challenge the correctness of the underlying entry of judgment—as opposed to the propriety of the denial of Rule 60(b) relief therefrom—and are therefore beyond the limited scope of the rule invoked by plaintiff, *see Browder v. Director, Department of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir.1990), consideration below and review on appeal is nevertheless proper pursuant to Fed.R.Civ.P.

reasons. Initially, the district court analogized the time limit imposed in the local rule to that set out in Fed.R.App.P. 4(a)(1) and, accordingly, deemed it mandatory and jurisdictional. In light of the consequent status attributed to the local rule, the district court held Rule 60(b) unavailable to excuse its violation. Alternatively, assuming Local Rule 43 was of less than jurisdictional significance, the district court considered the substance of plaintiff's Rule 60(b) motion and exercised its discretion to deny it on the merits, holding plaintiff's proffered excuse for noncompliance with Local Rule 43 insufficient to warrant relief from the judgment duly entered on the arbitration award.

We need not decide here the definitive characterization of Local Rule 43,[3] as we concur in the district court's substantive assessment of plaintiff's Rule 60(b) motion. In support of the motion, plaintiff asserted that it failed to demand a trial de novo because it planned all along to file a joint motion for stay (to await resolution of an appeal taken in a closely related case) before the time for demand expired and simply did not get the stay motion signed and returned by defendant in time to do so. However, as the district court noted, even if the contemplated motion had been timely filed, plaintiff would not thereby have ensured postponement of the deadline for de novo trial requests, since the motion might still not have been acted upon before the deadline or, in fact, granted at all. At any rate, when it became apparent that the joint stay motion would not be ready, it was incumbent upon plaintiff to take *some*

steps to preserve its rights in this regard, such as filing a unilateral motion for stay with a (provisional) demand for trial de novo, which could be withdrawn, with little or no penalty, *see* Local Rule 43(P)(3)–(5) (1988) and as amended November 1, 1989, when the related appeal was decided. Plaintiff's failure to take any such prudential action should not be excused under Rule 60(b).

Plaintiff also contends that, whatever the inadequacies of the post-arbitration prosecution of this action, the resultant sanction should fall where the fault rests—on counsel rather than on plaintiff itself. This court has recognized in a series of sanction cases beginning with *In re Baker*, 744 F.2d 1438, 1442 (10th Cir.1984) (en banc), *cert. denied*, 471 U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 299 (1985), that where exceptional circumstances demonstrate that responsibility for improper conduct plainly lies with counsel rather than with the client, the penalty imposed should be limited accordingly. *See, e.g., Toma v. City of Weatherford*, 846 F.2d 58, 62 (10th Cir.1988); *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 873 (10th Cir.1987). On the other hand, as defendant points out, it is a fundamental principle of our representational legal system, which we specifically reaffirm today, that a party acts through chosen counsel, whose carelessness or ignorance, therefore, generally does not constitute grounds for relief for his client. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *Evans v. United Life & Accident Ins. Co.*, 871 F.2d 466, 472 (4th Cir.1989);

---

59(e), since the motion, in such respects, would be both substantively appropriate and timely thereunder. *See Skagerberg v. Oklahoma*, 797 F.2d 881, 882–83 (10th Cir.1986); *see also Miller v. Leavenworth–Jefferson Elec. Co-op., Inc.*, 653 F.2d 1378, 1380 (10th Cir.1981).

**3.** Most courts with similar rules that have addressed the matter appear to agree with the district court's jurisdictional characterization. *E.g., Chase v. Scalici*, 97 A.D.2d 25, 468 N.Y.S.2d 365, 367–68 (1983); *Gallardy v. Ashcraft*, 288 Pa.Super. 37, 430 A.2d 1201, 1204 (1981), *appeal dismissed*, 497 Pa. 587, 442 A.2d 693 (1982); *Anderson v. Fidelity S. Ins. Corp.*, 119 Ariz. 563, 582 P.2d 653, 654, 655–56 (App.1978); *see Fox*

*Indus. Realty v. Dio Dix, Inc.*, 136 Cal.App.3d 787, 186 Cal.Rptr. 449, 451 (1982) (referring to twenty-day limit for filing request for trial de novo as jurisdictional). *But see Gerzsenyi v. Richardson*, 211 N.J.Super. 213, 511 A.2d 699, 701–02 (App.Div.1986) (earlier jurisdictional characterization of time limit overruled). We have, however, expressly held nonjurisdictional (and therefore waivable) the related, though admittedly distinguishable, three-month limitation provision included in the Federal Arbitration Act, 9 U.S.C. §§ 1–15, for motions to vacate, modify, or correct an award made thereunder. *See Foster v. Turley*, 808 F.2d 38, 41 (10th Cir. 1986). In *Foster*, we deemed the provision to be "in the nature of a statute of limitations." *Id.*

*Hough v. Local 134, IBEW*, 867 F.2d 1018, 1022 (7th Cir.1989); *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir.1969); *see also Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1145 (10th Cir.1990) (affirming denial of Rule 60(b) motion to vacate default judgment entered after plaintiff's counsel failed to respond to two dispositive motions, and stating that "we find nothing unfair about requiring a party to be bound by the actions of his attorney-agent"). While, in a particular case, some tension may exist between these two principles, there is an important distinction operative here that moots any potential conflict and resolves the competing claims of the parties.

That critical distinction is reflected, albeit imperfectly, in the contrast between the concepts of sanction and waiver. The former calls into play the equitable and practical notion that punishment *for mis-conduct* is appropriate and effective only when visited upon the true wrongdoer(s), whether counsel, client or both; the rule of waiver, on the other hand, has no place for such discriminations, as it does not concern punishment for improper conduct, but rather just the procedural consequences of proper, if perhaps unintended, litigation actions or decisions. Thus, for example, a party is not "punished" for commencing an action beyond the applicable statute of limitations, filing a late notice of appeal, or asserting an issue on appeal not preserved below; the action, appeal, or argument is simply deemed unavailable, and it would be quite inappropriate to hold, as we may in connection with a sanction matter, that the party should be spared and counsel fined in such a case. We have alluded to this same distinction in the context of default judgment:

> Attorney incompetence may be a sufficient basis for default judgment. Redress for such incompetence is usually found in a suit for malpractice rather than on direct appeal. *Where sanctions are concerned, however*, we have cautioned that "[i]f the fault lies with the attorneys, that is where the impact of the sanction should be lodged."

*M.E.N. Co.*, 834 F.2d at 873 (citations omitted and emphasis added).

It is true that the distinction between sanction and waiver in this regard has become somewhat blurred since this court rendered its en banc sanction decision in *Baker*. In *D G Shelter Products Co. v. Forest Products Co.*, 769 F.2d 644, 645 (10th Cir.1985) and subsequent cases, the *Baker* approach has been invoked in the analysis of counsels' failure to comply with local rules regarding the confession of dispositive motions not timely responded to. *See Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir.1988); *Meade v. Grubbs*, 841 F.2d 1512, 1521 (10th Cir. 1988). Although these are not, strictly speaking, sanction cases, they also differ from the classic waiver examples noted above in that they involve imposition of penalties that lie within the trial court's discretion. *See Meade*, 841 F.2d at 1520 n. 5; *see also Woodmore v. Git–N–Go*, 790 F.2d 1497, 1498–99 (10th Cir.1986) (applying *Baker* approach to dismissal for non-compliance with local rule requiring timely submission of pretrial memorandum, and pointing out that rule was to be read as involving exercise of trial court's discretion). As discussed *supra* at footnote 3, the local rule violated in this case is, if not jurisdictional, at least in the nature of a statute of limitations, and under either characterization it would clearly fall on the nondiscretional-waiver side of the distinction drawn herein. Accordingly, plaintiff's attempt to shift responsibility onto counsel, which relies on the line of cases following *Baker*, is ineffective, and imposing the adverse procedural consequences of noncompliance with the local rule upon plaintiff is entirely proper.

Finally, plaintiff points out that the twenty-day limitation on the demand for trial de novo provided in Local Rule 43 at the time judgment was entered below is inconsistent with the thirty days expressly allotted for this purpose by Congress in its enabling legislation for the court-annexed arbitration program, *see* 28 U.S.C.

§ 655(a),[4] and argues that the local rule was, therefore, an improper basis for the district court's entry of judgment. While we acknowledge the general principle that the district courts may not adopt and apply local rules that conflict with acts of Congress, *see Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 503, 53 S.Ct. 721, 730, 77 L.Ed. 1331 (1933); 28 U.S.C. § 2071(a); *see, e.g., Wingo v. Wedding,* 418 U.S. 461, 472–73, 94 S.Ct. 2842, 2849, 41 L.Ed.2d 879 (1974); *Carter v. Clark,* 616 F.2d 228, 230–31 (5th Cir.1980), we hold that it has no application to the present case.

This action was commenced, referred to arbitration, and ultimately resolved by entry of judgment on the arbitration award, all prior to the effective date of the cited statutory scheme. *See* Pub.L. 100–702, Title IX, § 907, 102 Stat. 4659, 4664 (1988) ("This title ... shall take effect 180 days after the date of enactment of this Act [Nov. 19, 1988]," i.e., May 18, 1989). Plaintiff has referred us to no authority indicating that the district court's adherence to the local rule under such circumstances was in any way improper. Accordingly, we hold that judgment was correctly entered on the arbitration award under the controlling twenty-day limitation provision and the district court properly denied plaintiff's motion for relief therefrom. *See also United States ex rel. Duval Tile Supply, Inc. v. Byer Indus., Inc.,* 794 F.2d 1560, 1561 (11th Cir.1986) (affirming denial of Rule 60(b) motion seeking relief from judgment entered on arbitration award after party failed to demand trial de novo within twenty-day period fixed by local rule governing court-annexed arbitration program).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

---

**4.** The present version of the local rule also provides thirty days for filing the demand. *See* W.D.Okla. R. 43(O)(4) and (P)(1) (1989).