28 F.3d 113
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ST. HELEN'S INVESTMENT, INC., a Washington corporation,
d/b/a Pozzolanic International, Plaintiff-Appellee,
v.
A.B. BAARDSON, d/b/a Red Crown Mill Supply/MCCI, Mountain
Country Cogeneration, Inc., and Oregon
corporation, Defendant-Appellant,
and RED CROWN MILL SUPPLY, INC., an Oregon corporation, Defendant.
 No. 94-4004.
 United States Court of Appeals, Tenth Circuit.
 June 16, 1994.
 
 1
 Before TACHA, BRORBY, and EBEL, C.J.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Mr. Baardson (Defendant), acting pro se, appeals an order entering an arbitration award as an adverse judgment. Finding no error, we affirm.
 
 
 4
 St. Helen's Investment (Plaintiff) instituted this action against Mr. Baardson complaining of a breach of contract. The parties then entered into a written stipulation agreeing to submit the matter to binding and final arbitration to be conducted by the American Arbitration Association. Following a three-day proceeding, the arbitrator, without further explanation, issued a written award of a lump sum against Mr. Baardson.
 
 
 5
 Defendant then filed a motion to vacate the arbitration award, pursuant to 9 U.S.C. 10, and a demand for a trial de novo, under 28 U.S.C. 655. The district court found Defendant's arguments unpersuasive and entered judgment upon the award. Mr. Baardson appeals, raising several arguments for the first time that we decline to address.
 
 
 6
 It is evident Mr. Baardson, having first agreed to arbitration,[2] misperceives the limited role of courts in reviewing valid arbitration proceedings. Defendant is not entitled to a trial de novo under 28 U.S.C. 655 because he did not seek the district court's approval and direction of a nonbinding arbitration under the experimental court annexed arbitration program.[3] Second, while our review of a district court's analysis under 9 U.S.C. 10 is de novo, that review is strictly limited and does not examine generally the arbitrator's interpretation of law or findings of fact. See Bowles Fin. Group v. Stifel, Nicolaus & Co., --- F.3d ----, 1994 WL 145607 (10th Cir.1994).
 
 
 7
 Examining the record for fraud, corruption, misconduct, undue means, or manifest disregard of the law, we find none. See 9 U.S.C. 10; Jenkins v. Prudential-Bache Sec., Inc., 847 F.2d 631, 634 (10th Cir.1988) (recognizing "manifest disregard of the law" as grounds for vacatur). An arbitrator's silence may not be used to infer a ground for vacating an award. See Ormsbee Dev. Co. v. Grace, 668 F.2d 1140, 1147 (10th Cir.) ("arbitration awards generally need not delineate reasons or reasoning"), cert. denied, 459 U.S. 838 (1982); accord Robbins v. Day, 954 F.2d 679, 684 (11th Cir.), cert. denied, 113 S.Ct. 201 (1992); Stroh Container Co. v. Delphi Indus., Inc., 783 F.2d 743, 750 (8th Cir.). cert. denied, 476 U.S. 1141 (1986). Nor have Mr. Baardson's allegations satisfied his burden of demonstrating one of the above factors.
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Baardson contends for the first time before this court that he "did not accept arbitration then and does not accept the results of arbitration now." This statement does not overcome Defendant's acknowledgment that his then counsel entered into a written stipulation on his behalf, or Defendant's obvious participation in arbitration without recorded objection. Our representational legal system rests on the fundamental principle that a party acts through chosen counsel. Security Nat'l Bank of Enid, Okla. v. John Deere Co., 927 F.2d 519, 520 (10th Cir.1991)
 
 
 [3]
 Repeal of the five-year program is pending effective December 31, 1994. See Judicial Improvements and Access to Justice Act, Pub.L. No. 100-702, 906, 102 Stat. 4664 (1988)