77 F.3d 493
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Erhan OZEY, Plaintiff-Appellant,
v.
Margaret Lynn KEELING, Columbia Development Corporation, and
Lee A. Keeling, Defendants-Appellees.
 No. 95-5048.
 United States Court of Appeals, Tenth Circuit.
 Feb. 14, 1996.
 
 Before PORFILIO, KELLY, and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT[1]
 PORFILIO, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Debtor Erhan Ozey appeals the district court's order dismissing his bankruptcy appeal for failure to respond to appellees' motion to dismiss. Because the district court did not abuse its discretion in dismissing the appeal, we affirm.
 
 
 3
 Debtor was denied a discharge in bankruptcy. He appealed this decision to the United States District Court for the Northern District of Oklahoma on sufficiency of the evidence grounds, but did not designate the trial transcript as part of the record. On September 12, 1994, appellees filed a motion to dismiss the appeal and an accompanying brief based on debtor's failure to designate the transcript. Although debtor was required to respond to the motion within fifteen days pursuant to Local Rule 7.1, no response was ever filed.
 
 
 4
 On November 14, 1994, appellees filed a supplement to their motion in which they noted debtor's failure to respond and requested that the motion to dismiss be deemed confessed. Appellees' Supp.App. at 55-56. Again, debtor did not respond.
 
 
 5
 On January 4, 1995, the district court set a hearing before a magistrate judge on the motion to dismiss. On January 19, debtor filed a motion for leave to withdraw his attorney. On January 30, a hearing was held on the motion to dismiss. Debtor's former attorney appeared and testified that he had not responded to the motion to dismiss because his client could not, at that time, afford the trial transcript. Debtor's new attorney appeared and promised future compliance, but did not present any evidence to contradict the former attorney's explanation for his failure to respond. Although debtor knew that the hearing was to determine whether to dismiss his appeal, he did not appear, and did not present any evidence to explain the lack of response to appellees' motion.
 
 
 6
 On February 2, 1995, the district court found that debtor had failed to give the court sufficient reason why his appeal should not be dismissed. The court therefore deemed appellees' motion confessed pursuant to Local Rule 7.1, and dismissed debtor's appeal. This appeal followed.
 
 
 7
 We address first our jurisdiction to decide this appeal. The parties were requested to brief the issue of whether the bankruptcy court order was a final order. After considering their briefs and submissions, we conclude that the order completely resolved all issues in Adversary Proceeding Nos. 94-0113-W, 94-0115, and 94-0177-W, and that, therefore, it was final and appealable. See Adelman v. Fourth Nat'l Bank & Trust Co. (In re Durability, Inc.), 893 F.2d 264, 266 (10th Cir.1990).
 
 
 8
 When a case is dismissed for failure to file a responsive pleading or to comply with a local rule, we review the dismissal for an abuse of discretion. See Hancock v. City of Okla. City, 857 F.2d 1394, 1395-96 (10th Cir.1988). An abuse of discretion is "a judicial action which is arbitrary, capricious, or whimsical." Pelican Prod. Co. v. Marino, 893 F.2d 1143, 1146 (10th Cir.1990). In determining whether the district court abused its discretion, we consider three factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; [and] (3) the culpability of the litigant." Hancock, 857 F.2d at 1396.
 
 
 9
 Here, we conclude that appellees suffered at least some prejudice by the delay of nearly five months before debtor responded, in any fashion, to their motion to dismiss. Further, there was more than de minimis interference with the judicial process, in light of the hearing held before the magistrate judge, especially because debtor failed then to present the arguments upon which he now relies.
 
 
 10
 Most important, we believe that debtor's culpability outweighs any interest the judicial system might have in resolving his appeal on its merits. This is not a case where the failure to respond was "but a single incident, completely unintentional and not contumacious in nature." Id. Debtor, through his attorney, was notified on three separate occasions about the pending motion to dismiss and the need to respond. Further, debtor's attorney testified that the failure to respond was intentional, because his client could not, at that time, afford a transcript. Although debtor knew about the hearing, he failed to appear or present any evidence to demonstrate that his failure to respond was inadvertent or was done in good faith. Debtor's current attempt to submit new evidence in the form of an affidavit is improper, and the information contained therein will be disregarded. See Allen v. Minnstar, Inc., 8 F.3d 1470, 1474-76 (10th Cir.1993)(holding that the record on appeal is limited to evidence which was before the district court).
 
 
 11
 As to debtor's argument that he should not suffer for his attorney's conduct, "it is a fundamental principle of our representational legal system ... that a party acts through chosen counsel, whose carelessness or ignorance, therefore, generally does not constitute grounds for relief for his client." Security Nat'l Bank v. John Deere Co., 927 F.2d 519, 520 (10th Cir.1991); see also Pelican Prod. Co., 893 F.2d at 1147 ("[W]e find nothing unfair about requiring a party to be bound by the actions of his attorney-agent.").
 
 
 12
 Debtor's motion to file an appendix with his reply brief is DENIED. Appellees' motion to strike is GRANTED. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3