**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 23 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GILBERT HINOJOS,

      Plaintiff - Appellant,

v.

HONEYWELL INTERNATIONAL,
INC., a foreign corporation,

      Defendant - Appellee.

No. 02-2124
D.C. No. CIV-00-1157 WJ/RLP
(D. New Mexico)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Gilbert Hinojos, proceeding pro se, appeals the district court's order granting defendant's [1] motion for summary judgment in this case brought pursuant to 42 U.S.C. §§ 2000e-2000e-17 (Title VII) and for a state law claim of breach of contract. We affirm.

Mr. Hinojos began his employment with defendant in 1991 as a custodian. He received a series of promotions over the years. He filed two discrimination charges with the EEOC, one in 1998 and one in 1999. Both charges were dismissed. Mr. Hinojos then applied for a vacant position as a planning specialist. He scored third among the applicants and, consequently, was not awarded that position or a similar one that opened up a few weeks later.

Mr. Hinojos commenced this action in which he alleged that, by not awarding him either of the two positions, defendant had retaliated against him because he had filed the EEOC charges in violation of Title VII. He also alleged defendant had violated its policies that employment opportunities be posted and that existing employees be given preference for filling those positions. He contended that these policies amounted to a contract which defendant breached.

The district court granted summary judgment to defendant, holding that Mr. Hinojos had failed to show any retaliatory motive in defendant's actions and,

[1]     Mr. Hinojos brought this action against Honeywell International, Inc. Defendant has stated, and plaintiff does not contest, that the proper party defendant is Honeywell Federal Manufacturing and Technology, LLC.

in the alternative, even if he had shown retaliation, he had not established pretext. The court also held that Mr. Hinojos failed to identify any policy or procedure which required defendant to post the two positions separately and/or denied defendant the ability to use the results of the interviewing process to fill the positions which were available within weeks of each other. The court noted that Mr. Hinojos had failed to show he was not considered for both positions.

On appeal, Mr. Hinojos argues the district court erred in granting summary judgment because material issues of disputed fact exist, specifically whether a degree was necessary for the positions, whether his ability to drive a forklift and lift fifty pounds were material to the positions, and whether defendant had a preference for hiring currently employed applicants. He also contends Furr v. Seagate Technology, Inc., 82 F.3d 980 (10th Cir. 1996) imposes an unfair barrier on employees' rights and the district court should have considered that a previous attorney had misrepresented him.[2]

"We review a grant of summary judgment de novo and apply the same legal standard used by the district court under Fed. R. Civ. P. 56(c)." Timmons v. White, No. 02-7016, 2003 WL 58099, at *2 (10th Cir. Jan. 6. 2003). Rule 56(c) provides that summary judgment is appropriate "if the pleadings,

_____

[2] These last two arguments were not raised to the district court and we decline to consider them on appeal. See Pierce v. Shorty Small's of Branson Inc., 137 F.3d 1190, 1192 (10th Cir. 1998).

-3-

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Mr. Hinojos challenges only the district court's determination that no genuine issue of material fact was in dispute.

Upon review of the record, we hold that Mr. Hinojos has not shown any "genuine issue as to any material fact." His arguments are premised on his subjective opinion of the relative values of the qualifications required for the position. "[T]he use of subjective criteria does not . . . prove intentional . . . discrimination." Kelley v. Goodyear Tire & Rubber Co., 220 F.3d 1174, 1178 (10th Cir. 2000) (quotation omitted). Further, we "are not free to second-guess an employer's business judgment." Branson v. Price River Coal Co., 853 F.2d 768, 772 (10th Cir. 1988). Mr. Hinojos' claim that he has "more relevant experience than other applicants is no more than h[is] own subjective judgment." Petersen v. Utah Dep't of Corr., 301 F.3d 1182, 1191 (10th Cir. 2002) (citing Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1317-18 (10th Cir. 1999) for proposition that employee's own opinion regarding qualifications does not amount to a genuine dispute of material facts supporting a finding of pretext).

Mr. Hinojos has not shown that a contract existed between defendant and its employees requiring that employees be awarded vacant positions. Further,

the record shows he was considered for the vacant positions despite not meeting all the required qualifications. Defendant's decision to hire the two individuals who scored higher than him does not violate Title VII.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


David M. Ebel
Circuit Judge