F I L E D
United States Court of Appeals
Tenth Circuit

JUL 2 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PERCY L. PALMER,

      Plaintiff-Appellant,

v.

UNITED STATES POSTAL
SERVICE, William Henderson,
Postmaster General, U.S.A.,

      Defendant-Appellee.

No. 02-5143
(D.C. No. 01-CV-307-EA)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Percy L. Palmer, proceeding pro se, appeals the district court's order granting summary judgment in favor of his former employer, the United States Postal Service (USPS). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## Background

Mr. Palmer was disciplined for various violations of USPS rules and regulations occurring in 1994 and 1995. His employment was terminated in 1996. He filed grievances for the disciplinary actions and termination, claiming race discrimination and retaliation. After the USPS issued its final agency decision on each claim in 1996 and 1997, Mr. Palmer timely filed suit in federal court. He filed four separate cases. The district court consolidated them and ordered Mr. Palmer to file a single amended complaint in June 1997. The deadline was later extended to January 5, 1998, with a warning that failure to comply would result in dismissal of the action for failure to prosecute. When he failed to file an amended complaint, the district court dismissed the consolidated cases on January 16, 1998.

On April 25, 2001, Mr. Palmer filed this lawsuit seeking redress for one or more of his grievances against the USPS. The district court granted summary

judgment [1] in favor of the USPS because the case was filed well past the ninety-day filing deadline prescribed by 42 U.S.C. § 2000e-16(c). Mr. Palmer challenges that ruling on the following grounds: (1) he did not receive notice of the final agency action on grievance number 4G-730-0011-97 [2]; (2) the USPS told him it was still investigating his case; (3) despite his efforts to obtain a right-to-sue letter, the USPS refused to issue one; (4) the USPS engaged in a cover-up of race discrimination and concealed his case to aid in the cover-up; (5) USPS personnel committed perjury to conceal his grievances; and (6) his failure to follow through with his previously filed cases should not deprive him of his right to file a new case.

## Discussion

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). Because plaintiff is

---

[1] Although the district court granted both dismissal and summary judgment in favor of the USPS, we construe the order as one for summary judgment.

[2] This grievance was assigned two different case numbers. The original claim was assigned number 4G-730-0011-97. It was processed by the USPS EEO office as case number H0-0080-97. R. Vol. I, doc. 14, Ex. A.

-3-

representing himself on appeal, his pleadings will be liberally construed.  Haines

v. Kerner, 404 U.S. 519, 520 (1972).

A civil action by an employee for redress of grievances must be filed

within ninety days of receipt of the notice of final agency action.  42 U.S.C.

§ 2000e-16(c);  Belhomme v. Widnall  , 127 F.3d 1214, 1217 (10th Cir. 1997)

("Because Mr. Belhomme filed this civil action more than ninety days after the

EEOC's final action, the district court was barred from considering it.").  In this

case, Mr. Palmer's complaint was filed on April 25, 2001, much longer than

ninety days after the notices of final agency action were issued in 1996 and 1997.

Accordingly, summary judgment was correct.

Mr. Palmer claims he never received a notice of final agency action for

grievance number 4G-730-0011-97, despite his repeated efforts to obtain one.

He does not dispute, however, that he filed a lawsuit based on this grievance or

that he failed to file an amended complaint as ordered in 1998.  He certainly had

notice from the court in 1998 that he had to take action to protect his rights,

which he failed to do.  Therefore, his claim that he did not receive a notice of

final agency action cannot defeat summary judgment.

We turn to Mr. Palmer's claims that the USPS told him it was still

investigating his case, concealed his grievances as part of a cover-up of race

discrimination, and caused its personnel to commit perjury to conceal his

grievances.  It is unclear whether these claims arose from the same facts as the cases dismissed in 1998, or whether they are new claims against the USPS.  Either way, they are not properly before this court.  As discussed above, it is too late for Mr. Palmer to maintain a lawsuit on the charges dismissed in 1998.  For new charges, he must file an administrative complaint with the USPS, which he did not do.  See 29 C.F.R. § 1614.106(a) (federal employee must file complaint with agency that allegedly discriminated against him).  Moreover, these conclusory allegations are not supported by evidence and are, therefore, insufficient to resist summary judgment.   See Kidd v. Taos Ski Valley, Inc.   , 88 F.3d 848, 853 (10th Cir. 1996).

Finally, we consider Mr. Palmer's claim that his failure to follow through with his previously filed cases should not deprive him of his right to file a new case.  In enacting 42 U.S.C. § 2000e-16(c), Congress clearly intended that a claimant who did not act promptly be deprived of a right to bring a lawsuit.  Furthermore, a plaintiff may not sit by without taking some steps to preserve his rights.  See Sec. Nat'l Bank v. John Deere Co.   , 927 F.2d 519, 520 (10th Cir. 1991) ("At any rate, when it became apparent that the joint stay motion would not be ready, it was incumbent upon plaintiff to take     *some* steps to preserve his rights. . . .").  Therefore, we must reject Mr. Palmer's argument that he should be permitted to file a new case at this late date.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Robert H. Henry
Circuit Judge