**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 26 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARILYN E. EVANS,

        Plaintiff - Appellant,

v.

FEDERAL EXPRESS
CORPORATION, sued as:
Federal Express,

        Defendant - Appellee.

No. 03-5006
(D.C. No. 01-CV-920-C)
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **HARTZ** , **BALDOCK** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Marilyn E. Evans, appearing *pro se*, appeals from the district court's order entering summary judgment in favor of her former employer, defendant Federal Express Corporation. The district court granted summary judgment pursuant to N. Dist. Okla. Loc. R. 7.1.C, after plaintiff failed to file a timely response to defendant's motion for summary judgment. We affirm.

Plaintiff, then represented by counsel, filed a complaint in January 2001, alleging defendant failed to promote her based on racial discrimination in violation of 42 U.S.C. § 2000e. The district court entered a scheduling order setting July 1, 2002, as the discovery cutoff and September 16, 2002, as the deadline for filing dispositive motions. Plaintiff did not submit her discovery requests until June 11, 2002, too late for discovery to be completed within the deadline. Defendant filed a motion for summary judgment on September 16, 2002.

On September 20, 2002, plaintiff filed a motion to compel discovery. The magistrate judge scheduled a hearing on plaintiff's motion for October 11, 2002, but plaintiff requested and received a postponement until October 17, 2002. Neither plaintiff nor her counsel appeared at the October 17th hearing, however. Plaintiff's counsel informed defendant's counsel the morning of the hearing that she was having car trouble and would not be able to attend the hearing. Defendant's counsel, who had flown from Memphis to Tulsa for the hearing,

offered to provide plaintiff's counsel with transportation, but plaintiff's counsel then told him she could not attend the hearing because she had a sudden, unexpected illness.

Plaintiff also failed to file any response to defendant's motion for summary judgment. On October 21, 2002, the district court granted defendant's motion for summary judgment and dismissed plaintiff's complaint with prejudice for failure to follow Local Rule 7.1.C. Northern District of Oklahoma Local Rule 7.1.C requires a party to respond to a motion within fifteen days and provides that "[f]ailure to timely respond will authorize the court, in its discretion, to deem the matter confessed, and enter the relief requested."

Plaintiff then filed a motion for reconsideration, asserting her counsel's belief that no response to the motion for summary judgment was due until the district court had ruled on her pending motion to compel and discovery was completed. She also alleged that dismissal was an inappropriately severe sanction, citing *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir. 1988).

The district court denied the motion for reconsideration. It ruled that plaintiff had failed to file any timely discovery requests, and, in any event, discovery was completed on October 17, 2002, when plaintiff and her counsel failed to appear at the hearing scheduled on her motion to compel. The district

-3-

court then addressed the three factors this court has held are relevant to determining the propriety of sanctioning a party for failing to respond to a motion within the applicable time limit: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. *Hancock*, 857 F.2d at 1396. It found that the actual prejudice to the defendant did not, in itself, justify the grant of summary judgment, nor did the plaintiff's culpability, since she was likely unaware of her counsel's conduct. Nevertheless, the district court concluded that the amount of interference with the judicial process did warrant the severe sanction of dismissal.

This court recently held that "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002); *see also Murray v. City of Tahlequah*, 312 F.3d 1196 (10th Cir. 2002) (considering federal local rule of the Eastern District of Oklahoma). "The district court must make the additional determination that judgment for the moving party is appropriate under Rule 56." *Id*. We held that, although the district court could consider the motion to be uncontested for lack of a timely response, it could not grant summary judgment under Rule 56(c) unless the moving party had met its initial burden of demonstrating that no material issues of fact remain for trial *and* demonstrated its entitlement to judgment as a matter of law. *Reed*, 312 F.3d

at 1194-95. By failing to respond to the motion for summary judgment, however, the nonmoving party waives his "right to respond or to controvert the facts asserted in the summary judgment motion," *id*. at 1195, but such waiver does "not relieve the court of its duty to make the specific determinations required by Fed. R. Civ. P. 56(c)," *id*. at 1196.

Alternatively, we held that, if a court desired to grant summary judgment as a sanction, it must consider those factors set forth in *Hancock*, 857 F.2d at 1396. *Id.* at 1195-96. In this case, the district court did not have the benefit of our *Reed* and *Murray* decisions, as both were decided after the district court granted summary judgment. Thus, the district court did not address the motion for summary judgment on the merits. It did, however, consider and address the *Hancock* factors.

We cannot conclude the court's order of dismissal was an abuse of its discretion. Without any justification, plaintiff's counsel failed to initiate timely discovery, failed to respond to the motion for summary judgment, prejudiced defendant and the court with her attempt to compel untimely discovery, then delayed, and inexcusably failed to appear at, the hearing on her own motion to compel. Parties choose their counsel and generally are bound by their acts. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962); *Sec. Nat'l Bank v. John Deere Co.*, 927 F.2d 519, 520 (10th Cir. 1991) ("[I]t is a fundamental principle of

our representational legal system . . . that a party acts through chosen counsel, whose carelessness or ignorance, therefore, generally does not constitute grounds for relief for his client."). Under these circumstances, the court's decision to deem defendant's asserted facts admitted was not arbitrary or unreasonable.

Moreover, having reviewed the record *de novo*, *see Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002), we conclude that summary judgment was properly granted. Defendant presented evidence that the promotion plaintiff claimed to have been denied was not a promotion and that plaintiff did not even apply for the position in question. Because plaintiff did not submit any admissible evidence to refute the evidence presented by defendant, she could not show an adverse employment action and, therefore, failed to establish a *prima facie* case of failure to promote. *See Amro v. Boeing Co.*, 232 F.3d 790, 796 (10th Cir. 2000) (describing elements of a *prima facie* case of race discrimination for failure to promote); *see also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986) ("[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegations . . ., but must set forth specific facts showing that there is a genuine issue for trial.") (quotations omitted).

Accordingly, the judgment of the district court is AFFIRMED.  The
mandate shall issue forthwith.

Entered for the Court

Michael W. McConnell
Circuit Judge