**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 2, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GILBERT HINOJOS,

      Plaintiff-Appellant,

v.

HONEYWELL FM&T,

      Defendant-Appellee.

No. 06-2310
(D.C. No. CIV-04-779 MV/RHS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

Gilbert J. Hinojos, proceeding pro se on appeal, challenges the district court's grant of summary judgment in favor of his former employer Honeywell Federal Manufacturing & Technologies in this employment discrimination action. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Mr. Hinojos worked as a Materials Control Coordinator for Honeywell. Beginning in 1998, he filed several discrimination complaints with the Equal Employment Opportunity Commission (EEOC) and the New Mexico Human Rights Division, and in 2000, he filed a federal lawsuit alleging retaliation for filing his complaints. Ultimately, this court affirmed the district court's grant of summary judgment to Honeywell in that action. *Hinojos v. Honeywell Int'l, Inc.*, 56 F. App'x 884, 886 (10th Cir. 2003) (*Hinojos I*). In July 2002, Mr. Hinojos also filed a complaint under a Department of Energy whistleblower program, 10 C.F.R. Part 708, alleging retaliation for filing his EEOC complaints.

While his Part 708 complaint was pending, on December 6, 2002, Mr. Hinojos was involved in a work-related accident. He was driving a truck transporting cargo restraint containers (CRTs), large metal containers weighing several hundred pounds. The CRTs were not tied down, and when Mr. Hinojos stopped suddenly at a traffic light, several CRTs shifted forward. One CRT broke the window glass in the rear of his vehicle and another shifted on to the vehicle's roof. After investigating the accident, Honeywell terminated Mr. Hinojos's employment on January 8, 2003, citing safety concerns.

Mr. Hinojos amended his Part 708 complaint to allege that the termination was retaliation for filing the initial Part 708 complaint. A hearing officer found that Mr. Hinojos was responsible for tying down the load and that a co-worker

-2-

had given Mr. Hinojos a tie-down strap and told him to secure the load. The hearing officer concluded Honeywell's safety concerns were reasonable. The Director of the Office of Hearings and Appeals affirmed the decision that Honeywell did not terminate Mr. Hinojos's employment in retaliation for the Part 708 complaint.

While the Part 708 action was pending, Mr. Hinojos filed a pro se suit against Honeywell for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a) and 2000e-3. He later hired an attorney to represent him. Pursuant to the district court's order, counsel amended the complaint to focus on actions after *Hinojos I*, alleging the termination was retaliation in violation of Title VII, the termination was the result of national origin discrimination in violation of Title VII, and the termination was a wrongful discharge in violation of New Mexico public policy. The court granted Honeywell's motion for summary judgment on the Title VII claims, and having disposed of the federal claims, it dismissed the state law claim without prejudice. Mr. Hinojos appeals.

## II.

We review the district court's decision de novo, viewing the record in the light most favorable to Mr. Hinojos as the nonmoving party. *McGowan v. City of Eufala*, 472 F.3d 736, 741 (10th Cir. 2006). As Mr. Hinojos represents himself on appeal, we construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). We will not, however, craft arguments or legal theories

for him.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005).

Mr. Hinojos argues that *Furr v. Seagate Technology, Inc.*, 82 F.3d 980 (10th Cir. 1996), and its progeny "have produced a[n] unfair barrier to an employee's rights under the Civil Rights Acts" because they

> elevate[] a supervisor's evaluation of the employee's Performance to something near God's word.  This case as interpreted by the District Court holds that a supervisor's word concerning the performance of An employee is final and does not allow for the introduction of doubt by the Plaintiff or appellant in a Civil Rights Case.

Aplt. Br. at 3, 5.  This argument does not provide a basis for reversal of the district court because the court did not rely on *Furr* in reaching its decision.  Moreover, Mr. Hinojos did not present a *Furr* argument to the district court, and as a result, we cannot consider the issue on appeal.  *See Hicks v. Gates Rubber Co.*, 928 F.2d 966, 970 (10th Cir. 1991).

Mr. Hinojos also appears to argue that he need not establish his prima facie case at the pleading stage.  This argument too is misplaced.  The case was not resolved at the pleading stage; it was resolved on summary judgment.  Unsupported allegations may suffice for a complaint, but they are insufficient to defeat summary judgment.  Under the applicable rule of procedure,

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule,

must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e).

Mr. Hinojos indicates that the timing of the events underlying his lawsuit is suspicious. He points out that he was terminated around the same time that he received this court's decision in *Hinojos I* and while his Part 708 complaint was pending. Neither of these events, however, supports an inference of discrimination or retaliation in this case. As the district court noted, this court's affirmance in *Hinojos I* was filed two weeks *after* the termination, and thus it could not have played a role in the termination decision. Further, the pendency of the Part 708 hearing is not relevant in this Title VII suit for two reasons. First, Mr. Hinojos's amended complaint alleged retaliation for his EEOC activity, not his Part 708 complaint. Second, Title VII's anti-retaliation provision covers only Title VII complaints; it does not extend protection to Part 708 complaints. *See* 42 U.S.C. § 2000e-3 (defining "unlawful employment practice" to include discrimination because an employee "has made a charge . . . *under this subchapter*") (emphasis added). Thus, even if the termination were motivated by the Part 708 complaint (which the agency hearing officer concluded was not the case), such conduct would not be actionable under Title VII.

If one disregards these two events cited by Mr. Hinojos, one is left only with the fact that the termination followed, by months and years, the EEOC

complaints and the filing of and district court decision in *Hinojos I*. The district court correctly concluded that, by themselves, these events were not close enough in time to the termination to permit an inference of causation. *See Hysten v. Burlington N. and Santa Fe Ry. Co.*, 296 F.3d 1177, 1183-84 (10th Cir. 2002) (holding that events occurring three months apart did not, without more, establish causation). The district court properly granted summary judgment on the issue of causation.

Finally, Mr. Hinojos appears dissatisfied with his attorney's representation, stating that his attorney "failed to acquire the appropriate deposition and discoveries" and "failed to conduct an internal investigation." Aplt. Br. at 5. Because Mr. Hinojos raised no such complaints before the district court, the issue is waived. *Hicks*, 928 F.2d at 970. Moreover, even assuming the truth of the accusations, a matter we do not decide, any such failures by counsel would not justify reversing the grant of summary judgment. As this court previously has recognized, "it is a fundamental principle of our representational legal system . . . that a party acts through chosen counsel, whose carelessness or ignorance, therefore, generally does not constitute grounds for relief for his client." *Sec.Nat'l Bank of Enid, Okla. v. John Deere Co.*, 927 F.2d 519, 520 (10th Cir. 1991).

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge