582 P.2d 653

**William C. ANDERSON and Rosily Anderson, Appellants,**

v.

**FIDELITY SOUTHERN INSURANCE CORPORATION, a corporation, Appellee.**

**No. 1 CA–CIV 3840.**

Court of Appeals of Arizona, Division 1, Department A.

July 25, 1978.

Thayer C. Lindauer, P. C., by Thayer C. Lindauer, A. Donald Chaney, Phoenix, for appellants.

Jack C. Cavness, Phoenix, for appellee.

## OPINION

DONOFRIO, Judge.

This is an appeal by appellants William C. Anderson and wife who were the plaintiffs below from an order by the trial court granting the motion of appellee Fidelity Southern Insurance Company, defendant below, for the dismissal of plaintiffs' appeal to the Superior Court from an arbitration award.

This appeal presents one crucial question, namely, whether the trial court lacked jurisdiction because plaintiffs' notice of appeal was not timely filed.

To state the facts briefly, plaintiffs filed a complaint against the defendant insurance company for breach of contract in failing to pay a theft loss in the amount of $1,523.55 to plaintiffs under their policy of insurance. Defendant denied liability, and pursuant to A.R.S. § 12–133 the case was then set for arbitration. Thereafter, the matter was duly presented on December 20, 1976 to an arbitrator who issued an arbitration award in favor of defendant which was dated and filed on December 27, 1976. On January 18, 1977 plaintiffs filed their notice of appeal to the Superior Court from the award.

Defendant moved to dismiss the appeal for lack of jurisdiction in the trial court contending that it was filed one day late. Plaintiffs responded to such motion. The trial court considered the matter and granted defendant's motion to dismiss the appeal from arbitration and the appeal to this Court followed.

Appellants contend that the applicable Arizona Rules of Civil Procedure and the Uniform Rules of Procedure for Arbitration indicate that plaintiffs had until January 21, 1977 to file their appeal from arbitration, and that therefore, the court erred in dismissing the appeal. They come to this conclusion by arguing that 17A A.R.S., Uniform Rules of Procedure for Arbitration, rule 3, states that where not inconsistent with such Rules of Compulsory Arbitration, the Arizona Rules of Civil Procedure shall be applicable; that 16 A.R.S., Rules of Civil Procedure, Rule 6(e) provides that five days for mailing shall be added to the time in which a party is required to act; that in this matter the arbitration award was mailed to plaintiffs' counsel on December 27, 1976, which was seven days after the hearing date of December 20, 1976, and well within the 20 days which is allowed the arbitrator to file his award by 17A A.R.S., Uniform Rules of Procedure for Arbitration, rule 5.[1] In support of their position,

---

1. 17A A.R.S., Uniform Rules of Procedure for Arbitration, rule 5:

"Rule 5. Award
(a) Filing of Award. Within twenty days after the hearing, the Board of Arbitrators shall return the original Superior Court file to the Court and shall file an award with the Clerk

of the Superior Court and on the same day shall mail or otherwise forward copies thereof to all parties or their counsel. The award shall be signed by a majority of the arbitrators who heard the case.
(b) Referral of Case to Judge. If the Board does not file an award with the Clerk of the

appellants present the novel argument that the filing of the arbitration award could have been done by the arbitrator before whom the matter was tried on any of the 20 allowable days as provided by Rule 5, supra, and that it is not to be expected of lawyers involved in any arbitration that they check with the clerk's office each day to discover if in fact an award had been filed, thereby beginning the 20 days allowed for appeal to run and that by reason of this an extension of time by Rule 6(e), supra, makes some sense.

Therefore, they contend that to reject the assumption that plaintiffs had five additional days for mailing time would be to disregard the Rules of Civil Procedure for no cause.

We are unable to agree with appellants' argument or the contention that they had until January 21, 1977 to appeal because of Rule 6(e), supra.

The right of appeal is statutory, and an appellant must conform to the statute. *Levy v. Stofella*, 14 Ariz. 262, 127 P. 725 (1912). In other words, appeal is allowed only by statute, which must be strictly complied with. *Burmister v. City of Prescott*, 38 Ariz. 66, 297 P. 443 (1931); *Lount v. Strouss*, 63 Ariz. 323, 162 P.2d 430 (1945); *City of Phoenix v. Superior Court*, 110 Ariz. 155, 515 P.2d 1175 (1973); *City of Tucson v. Wondergem*, 4 Ariz.App. 291, 419 P.2d 552 (1966).

The arbitration award was filed with the Clerk of the Superior Court on December 27, 1976, and the notice of appeal from this award was filed with the Superior Court Clerk on January 18, 1977. A period of 22 days elapsed, if you omit the first day and include all of the last day. This is clearly beyond the 20-day period provided in the rule giving the right to appeal from an arbitration award, infra.

The right of appeal is set forth in 17A A.R.S., Uniform Rules of Procedure for Arbitration, rule 7(a). The pertinent part of this rule reads:

"(a) Notice of Appeal. Any party to the arbitration proceedings may appeal from the award by *filing* a notice of appeal with the Clerk of the Superior Court within twenty days after the *filing* of the award. The notice of appeal shall be entitled 'Appeal From Arbitration' and shall request that the case be set for trial in the Superior Court. At the time of filing the notice of appeal, a copy of the notice of appeal shall be served upon the adverse party or parties." (Emphasis Supplied)

■ Rule 6(e), Rules of Civil Procedure, by its express terms, is applicable only when a party is required to take some action "within a prescribed period after the *service* of a notice * * * upon him." (Emphasis Supplied). Arbitration Rule 7(a) requires that action be taken within 20 days after "filing" not after "service." Therefore, Rule 6(e) by its literal terms has no application here. In addition, as appellee points out, Rule 6(e), as amended (effective October 1, 1976), in pertinent part provides:

"* * * This rule has no application to the mailing of notice of entry of judgment required by Rule 77(g)."

And Rule 77(g), as amended, provides in part:

"The clerk shall mail copies of all minute entries to all parties. Immediately upon the entry of a judgment as defined in Rule 54(a), the clerk shall mail a notice of the entry of judgment stating the date of entry, in the manner provided for in Rule 5, to every party who is not in default for failure to appear, and shall make a record of the mailing. *Lack of notice of the*

Superior Court within six months after the appointment of the Board of Arbitrators, the Superior Court Clerk or the Court Administrator shall refer the case to the judge to whom the case has been assigned for appropriate action.
(c) Legal Effect of Award. Upon expiration of the time for appeal and if no appeal has

been taken, the award shall become final and binding as a judgment of the Superior Court and the Clerk of the Superior Court shall enter the award in the judgment docket.
(d) Statement of Costs. A Statement of Costs shall be filed within ten days after the filing of the award."

*entry by the clerk does not affect the time to appeal or relieve, or authorize the court to relieve a party for failure to appeal within the time allowed."* (Emphasis Supplied)

See, also, *Merrill Lynch, Pierce, Fenner & Smith v. Kurtenbach*, 525 F.2d 1179 (C.A. 8th 1975), in which Rule 6(e) was held not applicable to a notice of appeal, as entry of judgment, not service, controls the timing.

■ Appellants have not brought themselves within the terms of 17A A.R.S., Uniform Rules of Procedure for Arbitration, rule 7(a) and the notice of appeal therefore is untimely. The ruling of the trial court dismissing the appeal is affirmed.

FROEB, C. J., Division 1, and HAIRE, P. J., concur.