851 P.2d 1379

**BAKER INTERNATIONAL ASSOCIATES, INC., a Florida corporation, Plaintiff, Counter-defendant-Appellee,**

v.

**SHANWICK INTERNATIONAL CORPORATION, an Arizona corporation, Defendant, Counter-claimant-Appellant.**

No. 1 CA–CV 91–0354.

Court of Appeals of Arizona, Division 1, Department A.

April 27, 1993.

Johnston Maynard Grant & Parker by Clifford J. Roth and Michael D. Curran, Phoenix, for plaintiff, counter-defendant-appellee.

Douglas M. LeClair, Mesa, for defendant, counter-claimant-appellant.

## OPINION

HAIRE, Judge.

In this appeal, we consider whether the trial court correctly determined that the appellant was in default, and, if so, whether that default was due to excusable neglect.

Appellee Baker International Associates, Inc. (Baker) commenced this action to recover from appellant Shanwick International Corp. (Shanwick) amounts due on loans made by Baker to Shanwick. The summons and complaint were served on Shanwick on August 31, 1990. Shanwick failed to timely file its answer, and, pursuant to Baker's application, the clerk of the court entered Shanwick's default on September 28, 1990.

After Shanwick filed its answer on October 16, 1990, Baker filed motions to set aside the answer and for entry of a default judgment. Baker argued that the default entered by the clerk became effective ten days after its entry, and thus that Shanwick's answer filed on October 16, 1990 was untimely. Rule 55(a)(2), Arizona Rules of Civil Procedure, provides that a default entered by the clerk "shall be effective ten (10) days after the filing of the application for entry of default." However, a further provision of Rule 55(a) prevents the default from becoming effective "if the party claimed to be in default pleads or otherwise defends as provided by these Rules prior to the expiration of ten (10) days from the filing of the application for entry of default." *See* Rule 55(a)(3). Since Baker's application for entry of default was filed on September 28, 1990, the filing of Shanwick's answer on October 16, 1990, was not within the applicable ten-day period unless the period was subject to extension by some other provision of the Rules of Civil Procedure.

Shanwick argued that, in computing the ten-day period, the provisions of Rules 6(a) and 6(e) were applicable, and that accordingly, its answer was timely filed so as to prevent the default from becoming effective. Rule 6(a), Arizona Rules of Civil Procedure, insofar as applicable to the computation of periods of time of less than 11 days, provides for the exclusion of "intermediate Saturdays, Sundays and legal holidays." The rule also provides that when the last day of a period falls on a Saturday, Sunday or legal holiday, "the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday." The application of these provisions to the facts of this case shows that the filing of Shanwick's answer on or before October 15, 1990, would have prevented the clerk's entry of default from becoming effective. But, the answer was not filed until one day later, October 16, 1990.

Shanwick's response to this apparent failure to meet the filing deadline is that the deadline was further extended because Baker's application for entry of default was served upon Shanwick by mail. Relying upon the provisions of Rule 6(e), Shanwick contended that it had an additional five days and thus the filing of its answer on October 16, 1990, prevented the default from becoming effective.

Rule 6(e) provides:

(e) **Additional Time After Service by Mail.** Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served by mail, five days shall be added to the prescribed period. This

rule has no application to the mailing of notice of entry of judgment required by Rule 77(g).

The trial court rejected Shanwick's argument that Rule 6(e) extended the ten-day time period of Rule 55(a). It found that the tenth day after the filing of Baker's application for entry of Shanwick's default expired at midnight on October 15, 1990, and thus that Shanwick's answer was filed too late to prevent the default from becoming effective.

Shanwick then moved to set aside the default and vacate the default judgment. The trial court denied Shanwick's motion, finding that Shanwick's failure to timely file its answer within the ten-day default period set forth in Rule 55(a)(3) was not the result of excusable neglect.

Shanwick has timely appealed from the order denying its motion to set aside the default, contending that the trial court erred in finding that Shanwick failed to file its answer within Rule 55(a)'s ten-day grace period. Shanwick further contends that, if it did fail to file its answer within the ten-day grace period, the failure was due to excusable neglect, and the trial court erred in refusing to set aside the default.

■ We first consider whether the trial court erred in finding that Shanwick failed to file its answer within the ten-day grace period permitted by Rule 55(a). Shanwick's argument on this issue is based on the premise that the provision of Rule 6(e) allowing five additional days when service is made by mail applies in this case. The question of whether Rule 6(e) applies so as to extend the ten-day grace period set forth in Rule 55(a) has not been specifically addressed in Arizona case law. However, analogous case law and the language of the rules themselves clearly show that Rule 6(e) is not applicable.

■ Both subsections 55(a)(2) and 55(a)(3) provide that the ten-day period in which an answer may be filed to avoid a default runs from "the *filing* of the application for entry of default." (Emphasis added.) Rule 6(e) does not purport to apply to the computation of a prescribed period after the *filing* of a notice or other paper such as the application for default in this case. Rather, Rule 6(e) applies only when a party has the right or is required to take some action within a prescribed period after the *service* of a notice or other paper and the *service* is accomplished by mail. Under subsections 55(a)(2) and 55(a)(3), the ten-day period is triggered with the *filing* of the application, not by the *service* of the notice of application for entry of default. Therefore, Rule 6(e) clearly did not apply in this case.

Our conclusion is consistent with the result reached in *Anderson v. Fidelity Southern Insurance Corp.*, 119 Ariz. 563, 582 P.2d 653 (App.1978). In *Anderson*, the court considered whether Rule 6(e) applied to extend the time permitted for appealing an arbitration award pursuant to Rule 7(a), Uniform Rules of Procedure for Arbitration, which provides in part that "[a]ny party to the arbitration proceedings may appeal from the award by filing a notice of appeal with the Clerk of the Superior Court within 20 days after the *filing* of the award." (Emphasis added.) The *Anderson* court concluded:

> Rule 6(e), Rules of Civil Procedure, by its express terms, is applicable only when a party is required to take some action "within a prescribed period after the *service* of a notice * * * upon him." (Emphasis Supplied.) Arbitration Rule 7(a) requires that action be taken within 20 days after "filing" not after "service." Therefore, Rule 6(e) by its literal terms has no application here.

119 Ariz. at 565, 582 P.2d at 655.

Shanwick argues that Rule 6(e) must be applicable to the time periods of Rule 55(a) because the only rule expressly excluded from 6(e) is Rule 77(g). This argument is without merit. Rule 77(g) provides for the *mailing* by the clerk of notices of entry of judgment. Because the terms of Rule 6(e) are expressly applicable when the prescribed time period dates from service and service is by mail, Rule 6(e) arguably would be applicable to the mailing of the notice of entry of judgment required by Rule 77(g)

unless expressly excluded. No such argument can be made concerning Rule 55(a). In Rule 55(a) the prescribed time periods date from *filing*, not from *mailing*. Thus the provisions of Rule 55(a) do not fall within the terms of Rule 6(e). Obviously, there is no need to expressly exclude that which is not otherwise included.

Shanwick also argues that the holding of the court in *State v. Savage*, 117 Ariz. 535, 573 P.2d 1388 (1978), regarding the application of similar criminal rules should persuade us to apply the civil rules in the same manner. The *Savage* court held that the five-day extension for mailing provision in Rule 1.3, Arizona Rules of Criminal Procedure, which contains language similar to that of Civil Rule 6(e), was applicable to extend the time period set forth in Criminal Rule 32.9(c). Criminal Rule 32.9(c) provides that a petition for review of the trial court's actions must be filed "within 10 days after the denial of the motion for rehearing." For its holding, the *Savage* court relied on *Duran v. State*, 113 Ariz. 135, 547 P.2d 1049 (1976), in which the court held that Rule 1.3 applied to Criminal Rule 10.2, which requires a motion for change of judge to be made "within 10 days after a case is first assigned to a judge."

We are not constrained by court interpretation of criminal rules to arrive at a conclusion that would ignore the plain language of the civil rules at issue before us. In addition, we note that although the Arizona Supreme Court in *State v. Zuniga*, 163 Ariz. 105, 786 P.2d 956 (1990), relied on *Savage* and *Duran* to hold that Rule 1.3 extends the time to file an appeal in a criminal case, it stated that if it were writing on a clean slate, it "would no doubt be receptive to the argument that Rule 1.3 is inapplicable because it extends time limits only when an event is measured 'after service,' while Rule 31.3 commences the time for filing a notice of appeal from 'entry of judgment' rather than service of notice of judgment." 163 Ariz. at 106, 786 P.2d at 957. The *Zuniga* court refused, however, to overrule *Savage* and *Duran*, noting that it did not believe justice would be served by upsetting longstanding practices in the field of criminal law based on nearly fifteen years of precedent.

Unlike the *Zuniga* court, we are writing on a clean slate. Therefore, we need not adopt questionable precedent applying criminal rules. Rather, we interpret the civil rules at issue to mean what they say—namely, that Rule 6(e) does not extend the ten-day period of Rule 55(a)(2).

■ Having determined that the trial court correctly ruled that Shanwick did not have five additional days in which to file its answer and thus that its answer was untimely and the entry of default was effective, we move to Shanwick's argument that the trial court abused its discretion in refusing to set aside the default. Whether to set aside an entry of default is within the sound discretion of the trial court. *DeHoney v. Hernandez*, 122 Ariz. 367, 371, 595 P.2d 159, 163 (1979). A party seeking relief from an entry of default or default judgment must establish that (1) the failure to answer within the time required by law was due to excusable neglect; (2) relief was promptly sought; and (3) a meritorious defense to the action existed. *Id.; Addison v. Cienega, Ltd.*, 146 Ariz. 322, 323, 705 P.2d 1373, 1374 (App.1985).

■ The dispositive element in the trial court's ruling was whether Shanwick had established that its failure to answer within the time required by law was due to excusable neglect. The trial court decides whether conduct is excusable by determining "whether the neglect or inadvertence is such as might be the act of a reasonably prudent person under the same circumstances." *City of Phoenix v. Geyler*, 144 Ariz. 323, 331, 697 P.2d 1073, 1081 (1985). The neglect must be "excusable," not merely "unexplained." *Richas v. Maricopa County Superior Court*, 133 Ariz. 512, 652 P.2d 1035 (1982). If the defaulted party fails to explain, by affidavit or otherwise, the failure to take the required responsive action, the motion to vacate an entry of default or default judgment must be denied. *Id.* The "burden of explanation as to why a party has not responded to lawful service of process is placed upon the

party seeking to set aside a default judgment." *Sloan v. Florida–Vanderbilt Development Corp.*, 22 Ariz.App. 572, 529 P.2d 726 (1974).

By affidavit accompanying Shanwick's motion to set aside the default, its attorney attested that when Baker's application for entry of default was received at his office, the response date was calendared for October 22, 1990, based on ten judicial days plus five days for mailing. The attorney also stated that by filing Shanwick's answer on October 16, 1990, he believed that the answer was filed well within the grace period. Shanwick argues that its attorney's reliance on his belief that Rule 6(e) extended the ten-day period constituted excusable neglect.

We find no abuse of discretion in the trial court's ruling that Shanwick's attorney's reliance on his erroneous belief that Rule 6(e) extended the time for filing an answer under Rule 55(a)(2) was not the act of a reasonably prudent person under similar circumstances. Both the language of the relevant rules and the holding of the court in *Anderson* should have alerted the attorney to the fact that he did not have five additional days in which to file his client's answer to prevent the entry of default from becoming effective. Considering the fact that the attorney gave no explanation as to why he did not timely file the answer before the filing of the application for entry of default, and the serious negative consequences of the entry of a default judgment for his client, we cannot quarrel with the trial court's conclusion that the circumstances did not establish excusable neglect.

Shanwick's situation is similar to that examined by the court in *General Electric Capital Corp. v. Osterkamp*, 172 Ariz. 185, 836 P.2d 398 (App.1992). There the attorney argued that his neglect was excusable because the late filing of the answer was due to his understanding that if an answer was filed before a motion for default judgment was filed, no judgment could be taken and the answer would be valid. The *Osterkamp* court concluded that misunderstanding or ignorance of the rules of civil procedure does not constitute the type of excuse under Rule 60(c) that is a sufficient ground to vacate entry of default or default judgment. *Id.* We likewise conclude that the trial court properly determined that erroneous interpretation of Rule 6(e) did not constitute excusable neglect.

Shanwick argues that its situation is much like that in *Coconino Pulp & Paper Co. v. Marvin*, 83 Ariz. 117, 317 P.2d 550 (1957), in which the court held that a calendaring problem within a law firm was sufficient to justify the setting aside of a default judgment. We disagree. In *Marvin*, the firm's calendaring system, which the court found the attorney reasonably relied on, failed, due to inadvertent clerical error, to advise him of the answer date. In Shanwick's case, however, as noted by the trial court, the sole cause of the "miscalendaring" appeared to be Shanwick's attorney's belief that Rule 6(e) enlarged the ten-day period of Rule 55(a)(2) and his direction to his office staff to calendar the last filing date by adding the five mailing days.

In denying Shanwick's motion to set aside the default, the trial court quoted from *Beal v. State Farm Mutual Auto Insurance Co.*, 151 Ariz. 514, 729 P.2d 318 (App.1986):

> Neglecting to answer a properly served complaint is "excusable" when the neglect or inadvertence is such as might be the act of a reasonably prudent person under similar circumstances, or when it involves a clerical error which might be made by a reasonably prudent person who attempted to handle the matter in a prompt and diligent fashion.

*Id.* at 518, 729 P.2d at 322. The trial court then stated: "Intentionally waiting until the Plaintiff seeks a default judgment before filing an answer is not 'handl[ing] the matter in a prompt and diligent fashion,' and is not the conduct of a reasonably prudent lawyer." [1]

---

1. An attorney's neglect is attributed to the client; the client will not be excused from a default unless the attorney's neglect is legally excusable. *General Electric Capital Corp. v. Osterkamp*, 172

There is no explanation in the record concerning why an appropriate date for the timely filing of an answer was not initially calendared. We find no abuse of discretion in the trial court's conclusion that a reasonably prudent attorney who is served with a summons and complaint as the statutory agent for a client would not intentionally wait out the period for answering the complaint and not file an answer until forced to do so by the plaintiff's filing of an application for entry of default. Shanwick did not give the trial court any reason why it did not file its answer within twenty days after service or immediately after learning of the entry of default. The totality of these circumstances substantially differentiates Shanwick's situation from the simple calendaring mistake found in *Marvin*.

Because the trial court ruled that Shanwick did not establish excusable neglect, it did not consider whether Shanwick had a meritorious defense or whether it promptly sought relief from the default judgment. In affirming the trial court's ruling that Shanwick's failure to timely file its answer was not the result of excusable neglect, we likewise do not reach Shanwick's argu-ments that it had a meritorious defense and took prompt action to set aside the default.

Baker has requested an award of attorney's fees incurred in this appeal pursuant to A.R.S. § 12–341.01. In the exercise of our discretion, we grant Baker's fee request. Baker may establish the amount of its award by complying with Rule 21, Arizona Rules of Civil Appellate Procedure.

The trial court's denial of the motion to set aside the default judgment is affirmed.

EHRLICH, P.J., and KLEINSCHMIDT, J., concur.

Note: Retired Judge LEVI RAY HAIRE was authorized to participate in this appeal by order of the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. 6, § 20, and A.R.S. § 38–813.

Ariz. 185, 190, 836 P.2d 398, 403 (App.1992); *Liberty Mutual Ins. Co. v. Rapton*, 140 Ariz. 60, 64, 680 P.2d 196, 200 (App.1984).