NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

WELLS FARGO EQUIPMENT FINANCE INC, *Plaintiff/Appellee*,

*v.*

SAFE WING LLC, *Defendant/Appellant.*

No. 1 CA-CV 17-0786
FILED 10-23-2018

Appeal from the Superior Court in Maricopa County
No. CV2016-013257
The Honorable Dawn M. Bergin, Judge

**AFFIRMED**

COUNSEL

Jaburg & Wilk, PC, Phoenix
By Lawrence E. Wilk, Kathi M. Sandweiss, Nichole H. Wilk
*Counsel for Plaintiff/Appellee*

Price Law Group APC, Scottsdale
By David A. Chami
*Counsel for Defendant/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Jon W. Thompson joined.

---

**P E R K I N S**, Judge:

¶1        Appellant Safe Wing LLC ("Safe Wing") challenges the trial court's ruling denying its motion to set aside a default judgment. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        Wells Fargo sued Safe Wing and several others in August 2016 for breach of a commercial guaranty (the "Guaranty"). Wells Fargo served Safe Wing's statutory agent with the complaint on August 24, 2016. The statutory agent emailed Wells Fargo's counsel on September 9, 2016, to request a thirty-day extension to file an answer. Wells Fargo agreed to extend the answer deadline to October 13, 2016.

¶3        Safe Wing did not answer or otherwise respond to the complaint. On October 20, 2016, Wells Fargo applied for entry of default against Safe Wing; that default became effective on November 3, 2016. Ariz. R. Civ. P. 55(a)(4). Safe Wing answered the complaint the next day. Wells Fargo moved to strike the answer as untimely; Safe Wing moved to set aside the entry of default under Arizona Rule of Civil Procedure 60(b)(1) and (6). Safe Wing contended it had difficulty retaining counsel and that it "interpreted the civil rules for computation to provide five more mailing days, in addition to the 10 days provided under Rule 55(a), to answer before default would be entered against it." Safe Wing also argued that: (1) the Guaranty lacked consideration; (2) Safe Wing was not identified as a party or guarantor "in at least one portion of the promissory note obligation;" and (3) Safe Wing "should not be held responsible for any damages . . . because of the contractual indemnity obligations carried by other co-defendants in this case." Safe Wing, however, offered no evidence to support any of these defenses.

¶4        The trial court granted Wells Fargo's motion to strike and denied Safe Wing's motion to set aside the default in an unsigned minute entry. Safe Wing filed a notice of appeal challenging that ruling, which this Court dismissed as premature. Wells Fargo obtained a final default

judgment against Safe Wing in June 2017. Safe Wing filed a second notice of appeal challenging the default judgment, which this Court dismissed because default judgments generally are not appealable. *Hirsch v. National Van Lines, Inc.*, 136 Ariz. 304, 311 (1983).

**¶5**		Safe Wing also moved to set aside the default judgment, reiterating the arguments it made in its earlier motion to set aside the entry of default. The trial court denied the motion, finding that Safe Wing had failed to show either excusable neglect or extraordinary hardship. Safe Wing now appeals and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(2).

## DISCUSSION

**¶6**		The trial court has broad discretion in deciding whether to set aside a default judgment; we will not disturb its ruling absent a clear abuse of that discretion. *BYS Inc. v. Smoudi*, 228 Ariz. 573, 577, ¶ 14 (App. 2012). Our review on appeal is limited to those issues raised in the motion to set aside. *Hirsch*, 136 Ariz. at 311.

## I.		Safe Wing Did Not Establish Excusable Neglect.

**¶7**		Safe Wing first contends it was entitled to relief from the judgment under Rule 60(b)(1). To obtain relief, Safe Wing had to show (1) that it promptly sought relief; (2) that its failure to file a timely answer was due to either mistake, inadvertence, surprise, or excusable neglect; and (3) that it had a meritorious defense to Wells Fargo's claim. *Master Financial, Inc. v. Woodburn*, 208 Ariz. 70, 74, ¶ 18 (App. 2004). Safe Wing must present sufficient facts to show that its neglect was excusable, not merely unexplained. *Id.*; *see also Baker Int'l Associates, Inc. v. Shanwick Int'l Corp.*, 174 Ariz. 580, 583 (App. 1993) ("If the defaulted party fails to explain, by affidavit or otherwise, the failure to take the required responsive action, the motion to vacate an entry of default or default judgment must be denied."). Neglect is excusable if it might have been the act of a reasonably prudent person under similar circumstances. *Daou v. Harris*, 139 Ariz. 353, 359 (1984).

**¶8**		Safe Wing argues that its failure to file a timely answer was excusable because it "received the notice of entry of default with a few business days to spare before an answer was due, and until that time, Safe Wing was unsure whether [its statutory agent's] potential conflict of interest would or would not prevent him from representing Safe Wing." Safe Wing does not explain why it left this alleged conflict unresolved for more than two months, having been served with the complaint in August

2016, or why it apparently took no action to resolve it during the thirty-day extension it received from Wells Fargo. Accordingly, Safe Wing's failure to retain an attorney, whether by resolving its statutory agent's conflict or seeking new counsel, does not constitute excusable neglect. *See Beyerle Sand & Gravel, Inc. v. Martinez*, 118 Ariz. 60, 62 (App. 1977) (finding no excusable neglect where company "was careless in its failure to retain an attorney to file an answer"). Safe Wing previously argued in superior court that it did not timely answer because it believed "it had five more days under Rule 6(e) to account for the mailing of [the] Application for Entry of Default." To the extent Safe Wing raises this argument on appeal, its mistaken belief does not constitute excusable neglect. *Baker Int'l*, 174 Ariz. at 584.

**¶9** Safe Wing also cites *Ramada Inns, Inc. v. Lane & Bird Advertising, Inc.*, 102 Ariz. 127 (1967). There, our supreme court found excusable neglect where a corporate defendant filed a timely answer signed by its president, then an amended answer signed by counsel after default had been entered. *Id*. at 128–29. The corporate defendant also submitted affidavit testimony showing that it had a meritorious defense. *Id*. at 129. Safe Wing did not file anything before the default became effective, nor did it submit an affidavit or any other evidence supporting its alleged defenses.

**¶10** Safe Wing additionally argues that, under *Brown v. Beck*, courts "should be liberal in relieving parties of defaults caused by inadvertence and excusable neglect." 64 Ariz. 299, 302 (1946). This presumes excusable neglect which is not present in this record. Accordingly, the trial court did not abuse its discretion in denying relief under Rule 60(b)(1).

## II. Safe Wing Did Not Establish Extraordinary Hardship or Injustice.

**¶11** Safe Wing argues it was entitled to relief under Rule 60(b)(6), which applies in cases of extraordinary hardship or injustice caused by something other than the reasons listed in subsections (1) through (5) of the rule. *Rogone v. Correia*, 236 Ariz. 43, 48, ¶ 12 (App. 2014). The trial court should consider the totality of facts and circumstances in deciding whether to apply subsection (6). *Skydive Ariz., Inc. v. Hogue*, 238 Ariz. 357, 364, ¶ 25 (App. 2015).

**¶12** The trial court did not abuse its discretion in finding no extraordinary hardship or injustice. Safe Wing was served in August 2016, sought and obtained a thirty-day extension, and allowed that extension to expire without taking any action in superior court. Thus, Safe Wing had ample opportunity to retain new counsel and has not demonstrated how its

delay was due to extraordinary hardship. *See Marks v. LaBerge*, 146 Ariz. 12, 16 (App. 1985) (affirming denial of Rule 60(c)(6) relief where the court could reasonably infer the defendant "simply chose not to respond to the summons and complaint"). Similarly, Safe Wing's unsupported assertion that it is not liable for the debt it guaranteed does not rise to the level of injustice warranting relief under Rule 60(b)(6).

¶13　　　　Moreover, subsection (6), like subsection (1), requires a showing of a meritorious defense. *Gonzalez v. Nguyen*, 243 Ariz. 531, 534, ¶ 12 (2018). Safe Wing contends the Guaranty lacked consideration. But the Guaranty states that the guarantors, including Safe Wing, entered into the agreement "[t]o induce Wells Fargo . . . from time to time to extend credit to or for the account of I M A Trans LLC . . . ." Mutual promises generally constitute sufficient consideration for a contract, even if the promises are not of equal value. *Nickerson v. Green Valley Recreation, Inc.*, 228 Ariz. 309, 321, ¶ 29 (App. 2011). Safe Wing offers no evidence to suggest these promises were legally insufficient.

¶14　　　　Safe Wing further contends that it set forth eleven affirmative defenses in its stricken answer. While this is true, Safe Wing did not, in its various post-default motions, support any of those defenses with any evidence. Neither unsupported allegations nor argument of counsel is sufficient to demonstrate a meritorious defense. *See Gonzalez*, 243 Ariz. at 534–35, ¶¶ 12–14 (2018) (requiring "some substantial evidence" to support setting aside a default but noting "[t]his burden is minimal").

### III.　The Trial Court Did Not Fail to Resolve Doubts in Safe Wing's Favor.

¶15　　　　Safe Wing contends the trial court erred because it did not resolve all doubts in Safe Wing's favor. *See, e.g., Union Oil Co. of Cal. v. Hudson Oil Co.*, 131 Ariz. 285, 288 (1982). Safe Wing, however, identifies no such doubts; it instead baldly asserts that it had "a factually and legally solid case to make to prove its lack of liability" without citing anything in the record. Moreover, while Safe Wing contends it "tenaciously made every available effort to get its day in court," it admits it only did so "since the default was entered."

### CONCLUSION

¶16　　　　We affirm the denial of Safe Wing's motion to set aside the default judgment. Wells Fargo is entitled to its reasonable attorney's fees pursuant to A.R.S. § 12-341.01(A), in an amount to be determined, and

taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA