NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

GATEWAY ONE LENDING & FINANCE LLC, *Plaintiff/Appellee*,

*v.*

MILLENNIUM AUTO SALES LLC, *Defendant/Appellant*.

No. 1 CA-CV 18-0105
FILED 1-22-2019

Appeal from the Superior Court in Maricopa County
No. CV2016-054220
The Honorable Steven K. Holding, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

The Sifferman Law Firm, P.L.L.C., Phoenix
By Mark S. Sifferman
*Counsel for Plaintiff/Appellee*

Wilenchik & Bartness, P.C., Phoenix
By Dennis I. Wilenchik, John D. Wilenchik, Lawrence J. Felder
*Former Counsel for Defendant/Appellant*

Millennium Auto Sales LLC, Mesa
*Defendant/Appellant*

-----

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Kenton D. Jones joined.

-----

**W I N T H R O P**, Judge:

**¶1**          Defendant/Appellant Millennium Auto Sales, LLC ("Millennium") appeals the superior court's orders:

>  (1)  Ordering Millennium to obtain new counsel within eight days, and deeming Millennium's *pro se* motion to extend time to retain counsel to be moot;

>  (2)  Striking Millennium's pleadings when it failed to timely obtain counsel;

>  (3)  Entering a default judgment against Millennium; and

>  (4)  Denying Millennium's motions for post-judgment relief.[1]

Because we hold that the superior court did not err, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**          The parties to this appeal had an agreement whereby Millennium, a car dealer, could sell to Gateway One Lending & Finance LLC ("Gateway"), a purchase money lender, retail installment sales contracts initially executed between Millennium and its customers. As part of this agreement, the certificates of title of the vehicles sold by Millennium were not to include "warning—not actual mileage." Alleging that Millennium breached this provision of the contract with regard to one of its sales, resulting in a separate lawsuit by a purchaser, Gateway filed a breach of contract action against Millennium in August 2016.

-----

[1]      Millennium has referred in passing to additional issues in its brief; however, because Millennium does not develop or otherwise substantively address these issues, they are waived on appeal. *See AMERCO v. Shoen*, 184 Ariz. 150, 154 n.4 (App. 1995); Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a)(7).

**¶3** On October 3, 2016, Millennium, through counsel, filed an answer and counterclaim. The case was placed on the court's arbitration calendar, and the parties did little (if anything) to prosecute the case for months. Meanwhile, in January 2017, Millennium's attorney, Lyndon Steimel, informed Millennium that he would soon be suspended by the State Bar but would likely be reinstated within three months. In fact, Steimel had been suspended for six months, during which time he consented to disbarment. His order of disbarment was signed on May 23, 2017—a fact discovered by Millennium shortly thereafter.

**¶4** Because of the parties' inaction in the case, the court placed it on the inactive calendar on May 24, 2017. Pursuant to Arizona Rule of Civil Procedure ("Rule") 38.1(d)(2), pending further specific developments as outlined within the subsequent subsections of the Rule, the case was presumptively set for dismissal 60 days later, on July 24. On July 18, in anticipation of filing a motion for summary judgment on the merits of the case, Gateway filed a motion for the court (1) to continue the case on the inactive/dismissal calendar to October 13, 2017; and (2) to require Millennium to retain new counsel by August 24, 2017.[2]

**¶5** The court did not immediately rule on Gateway's motions, but on August 16—some three months after Millennium learned of Steimel's disbarment—the court ordered Millennium to retain new counsel by August 24, and continued the case on the inactive/dismissal calendar until October 13, 2017. The court's order stated the case would be dismissed without further notice "unless one of the actions specified in Rule 38.1(d)(2) occurs prior to that date." The court also stated in its order that if Millennium failed to retain counsel by August 24, the court would deem its answer and counterclaim "stricken and ineffective." On appeal, Millennium claims it never received a copy of the August 16 order.

**¶6** Millennium did not retain new counsel by August 24; accordingly, Gateway filed an application for the court to strike Millennium's answer and counterclaim and to enter its default, all in accordance with Gateway's July 18 motion and the court's August 16 order.

---

[2] The mailing certificate on Gateway's motion provides that, in addition to Steimel, copies of the motion were also mailed to Millennium at the two addresses for Millennium then on file at the Arizona Corporation Commission: Millennium Auto Sales, LLC c/o Paul Jones, Statutory Agent, 4939 W. Ray Road, Suite 4-350, Chandler, AZ 85226 and Millennium Auto Sales, LLC c/o Paul Jones, Member, 1038 E. Cullumber, Gilbert, AZ 85234.

Millennium did not file an answer or otherwise respond; accordingly, the entry of default became effective ten days thereafter. On September 8, Paul Jones, Millennium's non-attorney representative, filed an untimely *pro se* motion to extend time to retain new counsel. Gateway then filed a motion for entry of judgment on September 28, and on October 17—nearly five months after Steimel's disbarment—the court entered judgment in favor of Gateway for $42,940.29. On November 3, the court issued an order deeming Jones' motion to extend time to retain counsel moot in light of the entry of default in favor of Gateway and because attorney Guy Roll had filed a notice of appearance on behalf of Millennium on November 1.

¶7         Millennium's new counsel filed a motion for a new trial, and three weeks later, a motion to set aside the default judgment. In the latter, Millennium alleged that the court erred by failing to *sua sponte* dismiss the case from its inactive calendar on October 16 pursuant to Rule 38.1(d)(2); and that Millennium had grounds for relief from the entry of default and default judgment pursuant to Rule 60(b)(1), (4), and (6). In its motions, Millennium did not identify any meritorious defense to the substance of Gateway's claims. The court denied both motions.

¶8         Millennium timely appeals. We have jurisdiction pursuant to Article 4, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) and (5)(a).

## DISCUSSION

I.         *The Court Did Not Abuse Its Discretion in Striking Millennium's Pleadings When It Failed to Comply with the Court's Order to Retain Counsel*

¶9         Millennium contends the superior court abused its discretion when it ordered Millennium on August 16 to obtain counsel in eight days, and then struck Millennium's pleadings when Millennium failed to do so. We review a superior court's orders striking pleadings for an abuse of discretion; however, a court's discretion when striking pleadings or entering default judgments "is more limited than when it employs lesser sanctions." *Roberts v. City of Phoenix*, 225 Ariz. 112, 119, ¶ 27 (App. 2010) (internal quotation omitted) (citing *Rivers v. Solley*, 217 Ariz. 528, 530, ¶ 11 (App. 2008)). A court abuses its discretion where the record fails to provide substantial support for its decision or the court commits an error of law in reaching the decision. *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 456 (1982); *see also Torres v. N. Am. Van Lines, Inc.*, 135 Ariz. 35, 40 (App. 1982) (stating a court's discretionary decision is considered abusive if "manifestly

4

unreasonable, or exercised on untenable grounds, or for untenable reasons").

### a.  Adequacy of Time Allowed to Retain New Counsel

¶10  Millennium claims the court abused its discretion when it gave Millennium only eight days from its August 16, 2017 order to retain new counsel. Millennium's assertion overlooks the fact that it was on notice as early as January of 2017 that Steimel was suspended from the practice of law and thus unable to provide continued representation and learned as early as May of that same year that he had, in fact, stipulated to disbarment. If that were not enough to prompt the immediate retention of new counsel, Millennium was provided in July of 2017 with multiple copies of Gateway's motion seeking an order directing Millennium to retain substitute counsel by August 24, 2017. That same motion explicitly requested the court order that Millennium's pleadings be stricken in the event it did not timely retain new counsel. Millennium still did not retain new counsel, nor seek any modification of the relief requested by Gateway. By the time the court issued its order granting Gateway's motion on August 16, Millennium had known of Steimel's disbarment for at least three months and had taken no meaningful steps to secure substitute counsel. Millennium's continued reliance upon advice by Steimel about its options and its efforts to complain to the State Bar about Steimel's ethical violations do not excuse its failure to timely act to protect its interests in this litigation.

¶11  In any event, the trial court was in the best position to evaluate the reasonableness of Millennium's conduct once Millennium learned of Steimel's disbarment, and on this record, we cannot say the court's order establishing a deadline of August 24 to finally secure substitute counsel was either unreasonable or an abuse of discretion.[3]

---

[3]  Millennium cites to multiple cases in which courts granted more time than eight days for corporate parties to retain new counsel; however, Millennium wholly mischaracterizes the sole Arizona case to which it cites in support of this contention—*Boydston v. Strole Development Co.*, 193 Ariz. 47, 50, ¶ 14 (1998)—which holds only that the court "should give the corporation a reasonable opportunity to cure the defect before dismissing the appeal" and that "[r]easonableness will depend upon the circumstances." The other cases cited by Millennium are from foreign jurisdictions and do not reflect the same circumstances present here—that is, where the corporate party had several months' time *before* the court's

### b. The Appropriateness of Striking Millennium's Pleadings

**¶12** Striking a party's pleadings is a severe sanction, and therefore "must be based on a determination of willfulness or bad faith by the party being sanctioned." *Estate of Lewis v. Lewis*, 229 Ariz. 316, 324, ¶ 18 (App. 2012) (citation omitted). We have further stated, however, that "[f]ault equivalent to gross negligence also will support such severe sanctions against a noncomplying party." *Id.* (citation omitted).

**¶13** We have already detailed the repeated failure of Millennium to timely act in the face of clear knowledge that it could not proceed without new representation. Whether that conduct rises to the level of willful misconduct or gross negligence was a factual determination the trial court was in the best position to evaluate and, on this record, we will not disturb its implicit finding in that regard.

### c. Gateway Timely Prosecuted the Action and the Court Did Not Abuse Its Discretion in Entering Judgment on October 13, 2017

**¶14** Millennium argues, in part, that its failure to act reasonably and/or to comply with the court's order is excused by Gateway's own failure to timely prosecute its case. We disagree.

**¶15** Once Gateway learned of Steimel's disbarment, it advised the court of that fact and asked the court to order Millennium to secure substitute counsel by August 24 and, in the meantime, to extend the case on the inactive calendar until Millennium complied with the court's order. Besides these actions, Gateway could do little to advance the case.

**¶16** Millennium also argues that the case was only extended on the inactive/dismissal calendar until October 13, at which time it should have been automatically dismissed without any further notice.[4] The

---

order during which it knew it was required to retain new representation. *See, e.g.*, *135 Bowery LLC v. 10717, LLC*, 145 A.D.3d 1225, 1225-26 (N.Y. App. Div. 2016) (stating defendant requested time to retain new counsel the month after plaintiff filed its complaint); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981) (giving appellant thirty days to retain counsel, when appellant was represented by counsel at the lower court, and attempted to file its appeal *pro se*).

[4] Millennium alternatively asserts that the case should have been dismissed on October 16 pursuant to the 60-day deadline of Rule 38.1(d)(2).

implication is that the court somehow lacked jurisdiction to consider and ultimately enter a judgment against Millennium on October 17. Although the language of Rule 38.1(d)(2) is mandatory, the process is not self-executing. The parties have an opportunity to demonstrate good cause to extend the case by filing a Joint Report and a Proposed Scheduling Order, and the court has discretion to grant that request. Here, however, because of Millennium's failure to act, Gateway could not file a joint report. As a corporate entity, Millennium had to act through counsel, *Ramada Inns, Inc. v. Lane & Bird Advert., Inc.*, 102 Ariz. 127, 128 (1967) ("A corporation cannot appear in court by an officer who is not an attorney, and it cannot appear in propria persona."), and without counsel, it could not sign the joint application/report required by Rule 38.1(d)(2)(A).

¶17 More importantly, on August 30, Gateway took the affirmative action of filing the entry of default, and thereafter, on September 28, submitted a properly-documented motion for default judgment, with affidavits and exhibits supporting the relief requested. Both applications were not only submitted well before the October 13 or 16 "deadlines" for dismissal off the inactive calendar, but also were served directly on Millennium. The default was effective August 30, and the default judgment was entered on October 17. Under these circumstances, and with no order of administrative dismissal having been signed, it was not an abuse of discretion for the court to consider the merits of the pending motion and enter the subject judgment.

### d. The Court's Compliance with Rule 16(h)(2)

¶18 Millennium argues that when the court struck Millennium's pleadings, it failed to award Gateway its "reasonable expenses, including attorney[s'] fees, incurred as a result of [Millennium's] conduct," *see* Rule 16(h)(2), and—relying on *Estate of Lewis*, 229 Ariz. at 326, ¶ 26—that the failure to do so signaled the court's belief that Millennium's non-compliance was "either 'substantially justified' or that the court abused its discretion by failing to consider even mandated and presumptive lesser sanctions than dismissal and default." Putting aside the fact that the statement in *Lewis* relied on by Millennium is *dicta*, the facts there were quite different. In *Lewis*, the court's minute entry order directing Simon Lewis to personally appear was not only ambiguous and at odds with the court's prior oral directive in open court, but his failure to appear in compliance with the order was the direct result of his lawyer not conveying the court's order to him. *Id.* at 325-26. As such, it is not a surprise that the appellate court reversed the sanction order.

**¶19** In contrast, Millennium had actual, direct knowledge of the court's clearly-expressed order and deadline to retain substitute counsel. Furthermore, in its order entering judgment against Millennium the court awarded Gateway its full attorneys' fees and costs—presumably including the expenses incurred as a result of Millennium's failure to comply with the court's order to retain new counsel. Because we find no temporal requirement in Rule 16(h)(2), the court did not err. *See Adrian E. v. Dep't of Econ. Sec.*, 215 Ariz. 96, 99, ¶ 9 (App. 2007) ("The interpretation of a court rule presents a question of law that we review de novo.") (citation omitted).

> II. *The Court's Entry of Default in Favor of Gateway, and Denial of Millennium's Subsequent Motions*

**¶20** We review a court's entry of default and default judgment for abuse of discretion. *Roberts*, 225 Ariz. at 119, ¶ 27. Again, however, discretion here is more limited. *Id.* (citing *Rivers*, 217 Ariz. at 530, ¶ 11). In alleging the court erred, Millennium claims that default judgment was improper because of "mistake, inadvertence, surprise, or excusable neglect," Rule 60(b)(1); because the award was improper, Rule 55(b)(3); and because the court did not consider lesser sanctions.

> a. *Rule 60(b)(1) and Motions to Set Aside Judgment and for a New Trial*

**¶21** When reviewing an appellant's claim that "default judgment was taken against him through his mistake, inadvertence, surprise or excusable neglect, the general test is whether his conduct might be the act of a reasonably prudent person under the same circumstances." *Bateman v. McDonald*, 94 Ariz. 327, 329-30 (1963). Because Millennium does not allege ignorance regarding Arizona's requirement that corporations be represented by a licensed attorney, neither mistake nor inadvertence applies. Regarding surprise, Millennium alleges it never received the court's August 16, 2017 order for it to retain counsel. Millennium offers no support for this and, as previously noted, Millennium was, over a period of several months, provided with multiple copies of the relevant pleadings and motions that led to the court's orders that are the subject of this appeal. Despite these repeated notices, warnings, and Gateway's requests for specific court orders detrimental to Millennium's legal position, Millennium took no meaningful action to protect its interests. On this record, the court did not abuse its discretion in determining that Millennium failed to carry its burden to demonstrate any excusable neglect or any other ground for relief under Rule 60(b)(1).

¶22 More importantly, Millennium presented the court with no argument or admissible evidence documenting a meritorious defense to either liability or, other than the Rule 55(b)(3) argument discussed below, contesting the damages sought by Gateway. For the court to grant a motion to set aside a default judgment, the moving party must show (1) excusable neglect in failing to answer; (2) that relief was promptly sought; and (3) that it possesses a meritorious defense. *Baker Int'l Assocs. v. Shanwick Int'l Corp.*, 174 Ariz. 580, 583 (App. 1993). Simply stated, the court did not err in denying Millennium's motion to set aside.

¶23 For the same reasons, we affirm the court's denial of Millennium's motion for a new trial. Additionally, we find no merit in Millennium's argument that the court erred by not explicitly stating the "legal basis" for its order denying the motion for a new trial. Arizona's Rules of Civil Procedure do not require the court to make such findings. *See generally* Rule 52(a). Even so, if Millennium wanted such findings, it was free to request them after the court issued its minute entry pursuant to Rule 52(b), which explicitly provides for such a motion, which "may accompany a motion for a new trial under Rule 59." Because Millennium did not make any such request, however, the issue is waived. *See Trantor v. Fredrikson*, 179 Ariz. 299, 301 (1994) ("[B]y failing to [request findings when the court failed to make them], a litigant is not in the position to complain about how helpful findings would have been on appeal.")

> b. *Rule 55(b)(3)*

¶24 Rule 55(b)(3) requires that "[a] judgment by default must not be different in kind from, or exceed in amount, that prayed for in a pleading's demand for judgment." In its default judgment, the court awarded Gateway $42,940.29 plus interest. Millennium argues, however, that in its complaint Gateway claimed only $13,211.30. But Millennium incorrectly derives this number from paragraphs 13 and 17 of Gateway's complaint, which state Gateway's request for $10,211.30, representing the unpaid balance of the third-party contract forming the basis of the parties' dispute; and a request for $3,000 in attorneys' fees.

¶25 Millennium's argument overlooks paragraphs 6, 7, 14, and 16 of the complaint, in which Gateway further outlines unspecified contractual damages owed to Gateway, resulting from the subject auto sale and the third-party lawsuit, "in an amount to be determined upon proof of the damage caused." In its motion for default judgment—submitted over a year after its complaint, during which period further interest and attorneys'

fees accrued—Gateway requested nothing different in kind from that which it requested in its complaint.

### c. Consideration of Lesser Sanctions

**¶26** Citing *Roberts*, Millennium argues the court erred when it entered default judgment without first considering and rejecting lesser sanctions. But *Roberts* holds only that a court must consider and reject lesser sanctions "[w]hen considering the imposition of default judgment as a sanction *for discovery violations*." 225 Ariz. at 121, ¶ 31 (emphasis added). The court in this case did not sanction Millennium for any discovery violation. The sanction imposed here was triggered by Millennium's failure to comply with the court's order to timely retain substitute counsel. As previously noted, Millennium had several months to retain new counsel but consciously failed to do so. Striking pleadings and entering judgment in favor of Gateway as a sanction for a deliberate failure to comply with the court's order was well within the court's discretionary authority.

### III. Attorneys' Fees and Costs on Appeal

**¶27** Gateway requests its attorneys' fees and costs pursuant to the parties' contract forming the basis of this dispute, which states in paragraph 14 that "[i]n any litigation . . . related to or arising from [this] Agreement, the prevailing party shall be entitled to its reasonable attorney[s'] fees and costs incurred." "Contracts for the payment of attorney[s'] fees will be enforced in accordance with the terms of the contract." *First Fed. Sav. & Loan Ass'n of Phoenix v. Ram*, 135 Ariz. 178, 181 (App. 1982); *see also* ARCAP 21(a)(2). We therefore award reasonable attorneys' fees and costs to Gateway upon its compliance with ARCAP 21(b).[5]

---

[5] Millennium's counsel on appeal withdrew after filing its opening brief. Millennium did not retain new counsel to file a reply brief and has no counsel of record as of this decision's date of issue. If Millennium wishes to file or respond to any post-decision motions, it must retain counsel to do so.

## CONCLUSION

¶28        We affirm the superior court's orders in this matter and award Gateway its reasonable attorneys' fees and costs on appeal subject to compliance with ARCAP 21(b).



AMY M. WOOD • Clerk of the Court
FILED:  AA