NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ARIZONA OFF-DUTY SPECIALISTS, LLC, *Plaintiff/Appellee*,

*v.*

GOOD VIBE PRODUCTIONS, LLC, et al., *Defendants/Appellants*.

No. 1 CA-CV 24-0495

FILED 04-15-2025

Appeal from the Superior Court in Maricopa County
No. CV2023-017456
The Honorable John R. Hannah Jr., Judge

**AFFIRMED**

COUNSEL

Thorpe Shwer, P.C., Phoenix
By Caroline Larsen, Maxwell K. Shanahan
*Counsel for Plaintiff/Appellee*

Foster Law Partners, Phoenix
By Brian J. Foster, Ross P. Meyer
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

---

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Chief Judge David B. Gass and Vice Chief Judge Randall M. Howe joined.

---

**F U R U Y A**, Judge:

**¶1** Good Vibe Productions, LLC, MJM Technology, LLC, and David Fowler (collectively, "Defaulted Defendants") appeal from the superior court's denial of their motion for relief from a default judgment in favor of Arizona Off-Duty Specialists, LLC ("AOS"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** In November 2023, AOS sued Defaulted Defendants and Jason Johnson for various causes of action related to alleged nonpayment for services rendered in April 2022. AOS served all the defendants via personal service by November 8, 2023. Caroline Larsen, counsel for AOS, and Brian Foster, potential counsel for the defendants, began communicating on November 27, 2023. Larsen told Foster on November 28, 2023, that all defendants had been served.

**¶3** None of the defendants filed responsive pleadings within twenty days from their respective dates of service as required by Arizona Rule of Civil Procedure ("Rule") 12(a)(1)(A)(i). On December 11, 2023, AOS applied for entry of default against Defaulted Defendants.

**¶4** On December 12, 2023, Larsen emailed Foster and (1) advised none of the defendants had filed responsive pleadings and AOS had already initiated default proceedings and (2) requested confirmation of representation. Foster replied and confirmed representation of Johnson and possible representation of Fowler.

**¶5** On December 15, 2023, AOS applied for entry of default against Johnson. That same day, the law firm for counsel representing AOS emailed Foster the application for entry of default against Johnson and advised that a hard copy had also been mailed.

2

**¶6** On December 20, 2023, Larsen emailed Foster and rejected a settlement proposal and Foster's request to dismiss Fowler and Johnson. At Foster's request, Larsen attached to the email the applications for entry of default against Defaulted Defendants. On their face, those documents showed they had been filed on December 11, 2023. Under Rule 55(a)(4), the default against Defaulted Defendants became effective on December 26, 2023. Foster does not dispute receiving that email and the attachments.

**¶7** Three days after December 26, 2023 effective date, on December 29, 2023, Foster and other defense counsel calculated the date a responsive pleading was due based on the filing of the application for entry of default. Defense counsel believed all the applications for entry of default were filed on the same date: December 15, 2023. Using a calendaring service, they calculated the responsive pleading due date as January 2, 2024, based on a December 15, 2023 filing date. Defense counsel avowed they were not aware that any applications for entry of default had been filed before December 15, 2023. Defendants filed their answer on January 2, 2024.

**¶8** AOS moved for entry of default judgment against Defaulted Defendants on January 4, 2024. On January 16, 2024, Defaulted Defendants moved to set aside the entry of default for good cause under Rule 55(c). The superior court denied the motion and entered a default judgment against Defaulted Defendants. Defaulted Defendants moved for relief from judgment, which the court denied.

**¶9** We have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶10** Defaulted Defendants argue the superior court erred in denying their motion for relief from judgment under Rule 60(b)(1).

**¶11** We review the denial of a motion to set aside a default judgment for clear abuse of discretion. *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 308 (1983). We resolve any doubt in favor of the party moving to vacate the default judgment. *See DeHoney v. Hernandez*, 122 Ariz. 367, 371 (1979). However, we view the facts "in the light most favorable to upholding the [superior] court's ruling." *Ezell v. Quon*, 224 Ariz. 532, 534 ¶¶ 2, 15 (App. 2010). Defaulted Defendants bear the burden to explain why they did not timely file a responsive pleading. *See Sloan v. Florida-Vanderbilt Dev. Corp.*, 22 Ariz. App. 572, 574 (1974).

**¶12** The court may set aside a final default judgment pursuant to Rule 60(b). Ariz. R. Civ. P. 55(c). To set aside a judgment under Rule

60(b)(1), a defendant must show "mistake, inadvertence, surprise, or excusable neglect" in failing to timely answer. Further, such a defendant must prove prompt action in seeking relief and a meritorious defense. *See DeHoney*, 122 Ariz. at 371.

**¶13** The court must deny a motion to vacate a default judgment when a moving defendant fails to provide "sufficient facts to explain the failure to take the responsive action required by the rules." *Richas v. Sup. Ct.*, 133 Ariz. 512, 515 (1982). Clerical and secretarial errors in a large law firm or insurance office can constitute excusable neglect, under appropriate circumstances. *Id.* at 516. But unexplained errors cannot. *Id.* Ultimately, "[d]iligence is the 'final arbiter of whether mistake or neglect is excusable.'" *Aloia v. Gore*, 252 Ariz. 548, 552 ¶ 15 (App. 2022) (quoting *City of Phoenix v. Geyler*, 144 Ariz. 323, 332 (1985)).

**¶14** "The general test of what is excusable is whether the neglect or inadvertence is such as might be the act of a reasonably prudent person under the same circumstances." *Coconino Pulp & Paper Co. v. Marvin*, 83 Ariz. 117, 120 (1957). A reasonably prudent attorney with knowledge of service would file an answer "*immediately* after learning of the entry of default." *See Baker Int'l Assocs., Inc. v. Shanwick Int'l. Corp.*, 174 Ariz. 580, 585 (App. 1993) (emphasis added).

**¶15** Here, Defaulted Defendants argue that their counsel erred in calendaring the deadline for a responsive pleading because they believed all the applications for entry of default were filed the same day. But Defaulted Defendants do not show the diligence required to constitute excusable neglect or mistake under Rule 60(b)(1). The record shows that as early as December 12, 2023, Foster knew AOS had initiated default proceedings. Defaulted Defendants do not explain why Foster or other defense counsel did not check the online docket on December 12, 2023 — or shortly thereafter — to confirm the filing date and calculate the response deadline. Because Foster had the documents as of December 20, 2023, that point is particularly telling here. If Foster or his staff had simply opened and read the attachments, they would have known the applications were filed on December 11, 2023, not December 15, 2023, and that the actual response date was December 26, 2023, not January 2, 2024. Instead, Foster admitted to the court that he incorrectly assumed the applications were filed on the same date as Johnson's.

**¶16** Beyond the above, the deliberate choice to not check the online docket to see when AOS filed the applications for entry of default, the assumption that the applications for all the defendants were all filed the

same day, and the failure to read the applications for entry of default that defense counsel had in his possession were not actions of a reasonably prudent attorney. *See Baker*, 174 Ariz. at 585*; see also Hirsch*, 136 Ariz. at 310 (finding no reasonably prudent person would have failed to answer or request additional time to answer when the attorney could have seen an entry in a litigation log reminding him of the answer deadline and the attorney had the relevant documents in his possession but failed to timely answer); *Aloia*, 252 Ariz. at 552–53 ¶¶ 15–19 (concluding that an attorney's failure to review the superior court's easily accessible online docket to determine when a judgment had been signed did not establish the due diligence required to justify relief from judgment under Rule 60(b)(1)).

¶17 Defaulted Defendants' reliance on industrial-commission cases granting relief over the miscalculation of a deadline to file a request for a hearing or for review is misplaced because those cases highlight the workers' compensation statutes' remedial nature and concomitant liberal interpretation standard. *See e.g.*, *Cook v. Indus. Comm'n*, 133 Ariz. 310, 312 (1982) (also noting workers' compensation proceedings are not adversarial); *Andrews v. Indus. Comm'n*, 118 Ariz. 275, 276 (App. 1977). Defaulted Defendants' reliance on *Geyler*, 144 Ariz. 323, cited *supra*, also provides no basis to vacate the court's ruling. In *Geyler*, the superior court distribution center stamped two additional dates on a judgment with corresponding explanations that were partially obscured. 144 Ariz. at 326-27. An attorney mis-calendared the deadline to move to amend the judgment based on his erroneous assumption about which date was the judgment-entry date. *Id.* at 327. The Arizona Supreme Court vacated the superior court's order denying a motion for relief from judgment because the record showed the mistake was excusable. *Id.* at 333. Unlike in *Geyler*, here there is no confusion about when the applications for entry of default were filed.

¶18 We also note that the cases on which Defaulted Defendants rely are of a vintage that predates the ubiquity of computer-assisted calendaring, internet, electronic access to court dockets, email, texting, and a host of other advances that improve accuracy and efficiency. Such advances are a significant distinguishing factor between this case and those relied on by Defaulted Defendants because the circumstances of law practice at the time of those cases do not represent the "same circumstances" present in this case. *See Coconino Pulp & Paper Co.*, 83 Ariz. at 120 ("The general test of what is excusable is whether the neglect or inadvertence is such as might be the act of a reasonably prudent person *under the same circumstances*." (emphasis added). Though the general test for excusable neglect remains unchanged, current technology and modern

legal practices inform what presently constitutes reasonably prudent action.

**¶19** Because Defaulted Defendants have failed to establish mistake, inadvertence, surprise, or excusable neglect in failing to timely answer, we do not consider the other elements required to set aside a default judgment. *See Hirsch*, 136 Ariz. at 309. Attorney fault is attributable to the client. *See Gen. Elec. Cap. Corp. v. Osterkamp*, 172 Ariz. 185, 190 (App. 1992). The court did not abuse its discretion in denying the motion for relief from judgment.

## CONCLUSION

**¶20** For the foregoing reasons, we affirm the court's ruling. We award costs to AOS upon compliance with Arizona Rule of Civil Appellate Procedure ("ARCAP") 21. Because the underlying dispute is contractual, we also grant AOS's request for reasonable attorneys' fees upon compliance with ARCAP 21. A.R.S. § 12-341.01.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**: JR